

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SYMBOL TECHNOLOGIES, INC., | 5 - 28 |
| Plaintiff, | |
| v. | 05-C **C 0256 C** |
| INTERMEC TECHNOLOGIES CORP., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Symbol Technologies, Inc. ("Symbol"), by its undersigned attorneys, as and for its Complaint against defendant, Intermec Technologies Corporation ("Intermec"), alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for infringement of United States Patent Nos. 5,243,655 ("the '655 Patent") and 5,457,308 ("the '308 Patent") (collectively, the "Symbol Patents"). Copies of the '655 and '308 Patents are annexed hereto as Exhibits 1 and 2, respectively.

### THE PARTIES

2.  Symbol is a Delaware corporation with its headquarters in Holtsville, New York. Symbol is registered to do business in the State of Wisconsin and has a registered agent for service of process in this District. Symbol is a recognized global leader in secure mobile information systems that integrate application-specific hand-held computers with wireless networks for data, voice and bar code data capture. Symbol's product lines include, *inter alia*,

bar code scanning, advanced data capture products, radio frequency identification technology, hand-held and fixed mount mobile computers, and wireless local and wide-area networks.

3.      On information and belief, Intermec is incorporated in the State of Washington, and has its principal place of business at 6001 36th Avenue West, Everett, Washington 98203. Intermec designs, manufacturers and sells portable data collection equipment, including bar code scanning and reading devices.

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, Title 35, United States Code §§ 101, et seq.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over Intermec in that Intermec is registered to do business in the State of Wisconsin and has a registered agent for service of process in this District. Additionally, on information and belief, Intermec regularly transacts business within the State of Wisconsin and this District by, *inter alia*, selling and offering for sale products that infringe one or more of the Symbol Patents.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## FIRST CLAIM FOR RELIEF
## (INFRINGEMENT OF THE '655 PATENT)

7.      Symbol repeats and re-alleges paragraphs 1 – 6 hereof as if fully set forth herein.

8.      On September 7, 1993, the '655 Patent, entitled "System for Encoding and Decoding Data in Machine Readable Graphic Form," was duly and legally issued to Ynjiun P.

Wang. All rights, title and interest in the '655 Patent were assigned to Symbol, which remains the sole owner.

9. Through its manufacture, use, sale and/or offer for sale in the United States of bar code readers capable of reading and decoding symbology known as PDF417, Intermec has infringed and continues to infringe, has induced and continues to induce others to infringe, and/or has committed and continues to commit acts of contributory infringement of, one or more claims the '655 Patent in violation of 35 U.S.C. §§ 271 (a), 271 (b) and/or 271 (c).

10. On information and belief, Intermec's foregoing acts of infringement of the '655 Patent were, and continue to be, willful and deliberate.

11. As a result of Intermec's infringement, inducement of infringement and/or contributory infringement, Symbol has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Intermec's infringing activities are enjoined by this Court.

12. Symbol does not have an adequate remedy at law, and, unless an injunction is issued enjoining Intermec and its agents, servants, employees, attorneys, representatives, and all others acting on their behalf, from infringing the '655 Patent, Symbol will be greatly and irreparably harmed.

## SECOND CLAIM FOR RELIEF
### (INFRINGEMENT OF THE '308 PATENT)

13. Symbol repeats and re-alleges paragraphs 1 – 6 hereof as if fully set forth herein.

14. On October 10, 1995, the '308 Patent, entitled "Bar Code Scan Stitching," was duly and legally issued to Glenn Spitz et al. All rights, title and interest in the '308 Patent were assigned to Symbol, which remains the sole owner.

15. Through its manufacture, use, sale and/or offer for sale in the United States of bar code readers capable of reading and decoding the symbology known as Reduced Space Symbology ("RSS"), Intermec has infringed and continues to infringe, has induced and continues to induce others to infringe, and/or has committed and continues to commit acts of contributory infringement of, one or more claims the '308 Patent in violation of 35 U.S.C. §§ 271 (a), 271 (b) and/or 271 (c).

16. On information and belief, Intermec's foregoing acts of infringement of the '308 Patent were, and continue to be, willful and deliberate.

17. As a result of Intermec's infringement, inducement of infringement and/or contributory infringement, Symbol has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Intermec's infringing activities are enjoined by this Court.

18. Symbol does not have an adequate remedy at law, and, unless an injunction is issued enjoining Intermec and its agents, servants, employees, attorneys, representatives, and all others acting on their behalf, from infringing the '308 Patent, Symbol will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Symbol prays for judgment and relief against Intermec:

A. Declaring that Intermec has infringed, induced others to infringed, and/or committed acts of contributory infringement with respect to claims of each of the Symbol Patents;

B. Declaring that Intermec's infringement of each of the Symbol Patents has been, and continues to be, willful and deliberate;

C. Enjoining Intermec, its subsidiaries, officers, agents, servants, employees, licensees, and all other persons acting or attempting to act in active concert or participation with them or acting on their behalf, from further infringement, inducement of infringement, or contributory infringement of any of the Symbol Patents;

D. Directing that Intermec account for and pay to Symbol all damages caused to Symbol by reason of Intermec's infringement pursuant to 35 U.S.C § 284, including enhanced damages thereunder;

E. Directing Intermec to pay Symbol's costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285;

F. Awarding Symbol pre-judgment and post-judgment interest on the damages awarded to it by reason of Intermec's infringement; and

G. Granting Symbol such other and further relief as the Court may deem just and proper.

5

## JURY DEMAND

Symbol hereby demands trial by jury on all issues in its Complaint.

MICHAEL BEST & FRIEDRICH LLP

By: _____
Jeffrey S. Ward
Shane A. Bruner
One South Pinckney Street
Suite 700
Madison, Wisconsin 53703
(608) 257-3501

Attorneys for Plaintiff Symbol Technologies, Inc.

Of Counsel:

Eric J. Lobenfeld
Ira J. Schaefer
Lawrence Brocchini
Mitchell S. Feller
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022

Dated: April 28, 2005

6