7

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**    18 PM 1:48

---

SYMBOL TECHNOLOGIES, INC.,

           Plaintiff,

v.

INTERMEC TECHNOLOGIES CORP.,

           Defendant.

05 -    52 8

Case No. 05-C-0256-C

**JURY TRIAL DEMANDED**

---

## ANSWER AND DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT

---

Defendant Intermec Technologies Corp. ("Intermec"), by and through its undersigned attorneys, answers plaintiff Symbol Technologies, Inc.'s ("Symbol") Complaint (the "Complaint") as follows:

### Nature Of The Action

1.      This is an action for infringement of Untied States Patent Nos. 5,243,655 (the "'655 Patent") and 5,457,308 (the "'308 Patent") (collectively, the "Symbol Patents"). Copies of the '655 and '308 Patents are annexed hereto as Exhibits 1 and 2, respectively.

**ANSWER:** Intermec admits that Symbol filed this action for patent infringement of U.S. Patents 5,243,655 and 5,457,308 and that copies of the patents were attached to the Complaint.

### The Parties

2.      Symbol is a Delaware corporation with its headquarters in Holtsville, New York. Symbol is registered to do business in the State of Wisconsin and has a registered agent for service of process in this District. Symbol is a recognized global leader in secure mobile information systems that integrate application-specific hand-held computers with wireless

1

networks for data, voice and bar code data capture. Symbol's product lines include, *inter alia*, bar code scanning, advanced data capture products, radio frequency identification technology, hand-held and fixed mount mobile computers, and wireless local and wide-area networks.

**ANSWER:** Intermec is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.    On information and belief, Intermec is incorporated in the State of Washington, and has its principal place of business at 6001 36th Avenue West, Everett, Washington 98203. Intermec designs, manufactures and sells portable data collection equipment, including bar code scanning and reading devices.

**ANSWER:** Intermec admits the allegations in paragraph 3 of the Complaint.

### Jurisdiction and Venue

4.    This action arises under the Patent Laws of the Unties states, Title 35, United States Code §§ 101, *et seq.*

**ANSWER:** Intermec admits that this action arises under the Patent Laws of the United States, 35 U.S.C. §§101, *et seq.*

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a). This Court has personal jurisdiction over Intermec in that Intermec is registered to do business in the State of Wisconsin and has a registered agent for service of process in this District. Additionally, on information and belief, Intermec regularly transacts business within the State of Wisconsin and this District by, *inter alia*, selling and offering for sale products that infringe one or more of the Symbol Patents.

2

**ANSWER:** Intermec admits that the Court has subject matter and personal jurisdiction and that it transacts business within the State of Wisconsin but denies the remaining allegations in paragraph 5.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391(c) and 1400(b).

**ANSWER:** Intermec admits the allegation in paragraph 6.

## COUNT I
## (INFRINGEMENT OF THE '655 PATENT)

7.      Symbol repeats and re-alleges paragraphs 1-6 hereof as if fully set forth herein.

**ANSWER:** Intermec repeats and re-alleges its answers to said paragraphs as if fully set forth herein.

8.      On September 7, 1993, the '655 Patent, entitled "System for Encoding and Decoding Data in Machine Readable Graphic Form," was duly and legally issued to Ynjiun P. Wang. All rights, title and interest in the '655 Patent were assigned to Symbol, which remains the sole owner.

**ANSWER:** Intermec admits that the '655 patent was issued on September 7, 1993, and is entitled "System for Encoding and Decoding Date in Machine Readable Graphic Form." Intermec is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint and therefore denies the same.

9.      Through its manufacture, use, sale and/or offer for sale in the United States of bar code readers capable of reading and decoding symbology known as PDF417, Intermec has infringed and continues to infringe, has induced and continues to induce others to infringe, and/or has committed and continues to commit acts of contributory infringement of, one or more claims the '655 Patent in violation of 35 U.S.C. §§ 271 (a), 271 (b) and/or 271 (c).

3

**ANSWER:** Intermec denies the allegations in paragraph 9 of the Complaint.

10.    On information and belief, Intermec's foregoing acts of infringement of the '655 Patent were, and continue to be, willful and deliberate.

**ANSWER:** Intermec denies the allegations in paragraph 10 of the Complaint

11.    As a result of Intermec's infringement, inducement of infringement and/or contributory infringement, Symbol has suffered monetary damages in an amount not yet determined , and will continue to suffer damages in the future unless Intermec's infringing activities are enjoined by this Court.

**ANSWER:** Intermec denies the allegations in paragraph 11 of the Complaint.

12.    Symbol does not have an adequate remedy at law, and unless an injunction is issued enjoining Intermec and its agents, servants, employees, attorneys, representatives, and all others acting on their behalf, from infringing the '655 Patent Symbol will be greatly and irreparably harmed.

**ANSWER:** Intermec denies the allegations in paragraph 12 of the Complaint.

## COUNT II
### (INFRINGEMENT OF THE '308 PATENT)

13.    Symbol repeats and re-alleges paragraphs 1-6 hereof as if fully set forth herein.

**ANSWER:** Intermec repeats and re-alleges its answers to said paragraphs as if fully set forth herein.

14.    On October 10, 1995, the '308 Patent, entitled "Bar Code Scan Stitching," was duly and legally issued to Glenn Spitz et. al. All rights, title and interest in the '308 Patent were assigned to Symbol, which remains the sole owner.

4

**ANSWER:** Intermec admits that the '308 patent was issued on October 10, 1995, and is entitled "Bar Code Scan Stitching." Intermec is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint and therefore denies the same.

15.    Through its manufacture, use, sale/or offer for sale in the United States of bar code readers capable of reading and decoding the symbology known as Reduced Space Symbology ("RSS"), Intermec has infringed and continues to induce others to infringe, and/or has committed and continues to commit acts of contributory infringement of, one or more claims the '308 Patent in violation of 35 U.S.C. §§ 271 (a), 271 (b) and/or 271 (c).

**ANSWER:** Intermec denies the allegations in paragraph 15 of the Complaint.

16.    On information and belief, Intermec's foregoing acts of infringement of the '309 Patent were, and continue to be, willful and deliberate.

**ANSWER:** Intermec denies the allegations in paragraph 16 of the Complaint.

17.    As a result of Intermec's infringement, inducement of infringement and/or contributory infringement, Symbol has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Intermec's infringing activities are enjoined by this Court.

**ANSWER:** Intermec denies the allegations in paragraph 17 of the Complaint.

18.    Symbol does not have an adequate remedy at law, and unless an injunction is issued enjoining Intermec and its agents, servants, employees, attorneys, representatives, and all others acting on their behalf, from infringing the '308 Patent, Symbol will be greatly and irreparably harmed.

**ANSWER:** Intermec denies the allegations in paragraph 18 of the Complaint.

### STATEMENT OF AFFIRMATIVE DEFENSES

1.      Intermec has not infringed and is not infringing, directly or indirectly, any claim of the '655 Patent.

2.      Intermec has not infringed and is not infringing, directly or indirectly, any claim of the '308 Patent.

3.      The claims of the '655 Patent are invalid for failure to comply with one or more provisions of the Patent Act, 35 U.S.C. §§ 101 *et seq.*

4.      The claims of the '308 Patent are invalid for failure to comply with one or more provisions of the Patent Act, 35 U.S.C. §§ 101 *et seq.*

5.      Claims of the '655 and '308 patents are invalid for obviousness.

6.      Symbol's claims are barred by unclean hands.

7.      Symbol's claims are in breach of a covenant not to sue under the August 2003 OEM Agreement between Symbol and Intermec (the "OEM Agreement").    The OEM Agreement is the subject of a prior filed action in the District Court of Delaware, case No. 05-146-GMS.

8.      Some of all of the allegedly infringing products have an express or implied license as a result of sales to Intermec by Symbol under the OEM Agreement or by third parties who are licensed to Symbol.

9.      Plaintiff's claims are limited pursuant to 35 U.S.C. §287.

Defendant Intermec Technologies Corporation demands a trial by jury as to all claims so triable.

DATED this __18__ day of May, 2005.

Respectfully submitted:

By: _Eugenia G. Carter_

Attorneys for Defendant
Intermec Technologies Corp.
WHYTE HIRSCHBOECK DUDEK S.C.

Eugenia G. Carter
State Bar No. 01011447
One East Main Street, Suite 300
Madison, WI 53703-3300
(608) 255-4440 (telephone)
(608) 258-7138 (facsimile)

FREEBORN & PETERS LLP
Leland W. Hutchinson, Jr.
Carson P. Veach
Jennifer L. Fitzgerald
Jeffrey M. Hansen
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606-6677
(312) 360-6503 (telephone)
(312) 360-6572(facsimile)

109064.2

7