IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SYMBOL TECHNOLOGIES, INC.,

        Plaintiff,                Case No. 05-C-0256-C

v.

INTERMEC TECHNOLOGIES CORP.,

        Defendant.

---

**DEFENDANT INTERMEC TECHNOLOGIES CORPORATION'S
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C., § 1404(A)**

---

Now comes defendant, Intermec Technologies Corporation, and for its Motion to Transfer Venue Pursuant to 28 U.S.C., § 1404(a), respectfully states as follows:

1. This action is the fourth now pending between plaintiff Symbol Technologies, Inc. ("Symbol") and defendant Intermec Technologies Corporation ("Intermec").

2. The Intermec products accused of patent infringement in this action—bar code readers—are also accused by Symbol of infringing other patents in a prior filed pending action. *Symbol Technologies, Inc. v. Intermec Technologies Corporation*, No. 05-146-SLR (D.Del. filed March 10, 2005) (hereinafter the "Symbol Delaware Action"). *See* Declaration of Arvin Danielson, ¶¶ 4-5 (copy attached to as Exhibit A). *See also*, Complaint, ¶ 9 ("bar code readers").

3. This action has absolutely no connection to this District. Intermec is a Washington corporation based in Everett, Washington. Declaration of Robert Rainier, ¶ 3 (copy attached as Exhibit B).

1

4. Intermec has no office in this district, has never sued or been sued in Wisconsin, has attended no trade shows here and does not advertise in Wisconsin based publications. Rainier Decl., ¶¶ 6-9.

5. Intermec employs over 2,500 employees. *Id.*, ¶ 4. Only five Intermec employees reside in Wisconsin. *Id.*, ¶ 5. Only one of those resides in this district. *Id.*

6. Virtually all of Intermec's documents relevant to its accused products and the witnesses having knowledge of those products reside outside of this district, principally in the Seattle, Washington area. *Id.*, ¶ Danielson Decl., ¶ 3.

7. The inventions claimed in the patents in suit were not created or developed here. The accused products were not designed and are not manufactured here. Danielson Decl., ¶¶ 6-7. These products are sold nationally. *Id.*

8. For the convenience of the parties and the witnesses and in the interests of justice, this action should be transferred to the District of Delaware for potential consolidation with the Symbol Delaware Action.

9. In the alternative, this action should be transferred to the District of Washington.

DATED this 18 day of May, 2005.

Respectfully submitted:

By: *Eugenia D Carter*
Attorneys for Defendant
Intermec Technologies Corp.
WHYTE HIRSCHBOECK DUDEK S.C.

Eugenia G. Carter
State Bar No. 01011447
One East Main Street, Suite 300
Madison, WI 53703-3300
(608) 255-4440 (telephone)
(608) 258-7138 (facsimile)

2

FREEBORN & PETERS LLP
Leland W. Hutchinson, Jr.
Carson P. Veach
Jennifer L. Fitzgerald
Jeffrey M. Hansen
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606-6677
(312) 360-6503 (telephone)
(312) 360-6572 (facsimile)

109069

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SYMBOL TECHNOLOGIES, INC.,

        Plaintiff,                  05 C 0256 C

v.

INTERMEC TECHNOLOGIES CORP.,

        Defendant.

### DECLARATION OF ARVIN DANIELSON

1. I declare that I am over 18 years of age and I am competent to make this declaration based on my own personal knowledge. I make this declaration on behalf of the Defendant, Intermec Technologies Corporation ("Intermec").

2. I am the Vice President, Product Development and Chief Technical Officer for Intermec. I have been employed by Intermec since June, 1975.

3. Of the five Intermec employees in Wisconsin, it is highly unlikely that any of them has any information relevant to this suit. The vast majority of the relevant documents and witnesses are located in Everett, Washington, although some documents and witnesses may be located in Cedar Rapids, Iowa.

4. I have read the complaint in this case and understand that the complaint accuses Intermec's "bar code readers" of infringement.

5. I have also read the complaint in Case No. 05-147-SLR, pending before Judge Robinson in Delaware. The vast majority of Intermec's bar code readers accused of infringement in the Wisconsin action are also accused of infringement in that Delaware action.



EXHIBIT A

6.  None of the Intermec products accused in this action were designed or are manufactured in Wisconsin. Those products are sold nationally.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 17, 2005.

_____
Arvin Danielson

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SYMBOL TECHNOLOGIES, INC.,

        Plaintiff,                    05 C 0256 C

v.

INTERMEC TECHNOLOGIES CORP.,

        Defendant.

## DECLARATION OF ROBERT RAINIER

1. I declare that I am over 18 years of age and I am competent to make this declaration based on my own personal knowledge. I make this declaration on behalf of the Defendant, Intermec Technologies Corporation ("Intermec").

2. I am the Vice President, Operations for Intermec. I have been employed by Intermec since November, 1987.

3. Intermec is a Washington Corporation based in Everett, Washington.

4. Intermec employs more than 2,500 employees worldwide.

5. Intermec has only five employees in Wisconsin. Four of these individuals are in sales and one is a service technician. Only one of these individuals lives within this district.

6. Intermec owns no real property in Wisconsin. However, Intermec does lease a single, less than 300 sq. ft., room office in Oconomowoc, WI. While held under a month to month contract, the annual lease payment is less than $8,000.

7. Intermec is licensed as a foreign corporation in Wisconsin.

8. On information and belief, Intermec has neither participated in a Wisconsin based tradeshow nor advertised in a Wisconsin publication or trade journal.



1

9. On information and belief, Intermec has neither sued anyone in Wisconsin nor previously been sued in Wisconsin.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 17, 2005.

*[signature]*
Robert Rainier