17

DOC NO
REC'D/FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

-7  PM 3:53

THERESA H. OWENS
CLERK US DIST COURT
WD OF WI

---

SYMBOL TECHNOLOGIES, INC.,

              Plaintiff,

        v.                         05-C-0256 C

INTERMEC TECHNOLOGIES CORP.,

              Defendant.

05 - 528

---

**DECLARATION OF**
**AARON B. BERNSTEIN IN FURTHER OPPOSITION TO**
**INTERMEC TECHNOLOGIES CORPORATION'S MOTION TO TRANSFER**

---

I, AARON B. BERNSTEIN, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am currently Vice-President and Deputy General Counsel, Intellectual Property for the Plaintiff Symbol Technologies, Inc. ("Symbol"). I submit this declaration in further opposition to Defendant Intermec Technologies Corporation's ("Intermec") motion to transfer this action to the District of Delaware or the District of Washington ("Motion to Transfer"), solely to address a new argument raised by Intermec for the first time in its reply memorandum.

2. I am familiar with the OEM Agreement between Symbol and Intermec ("OEM Agreement"), as well as with the actions pending between the parties in Delaware and this Court. I have reviewed both Intermec's opening brief and its reply brief in support of the Motion to Transfer ("Intermec Reply"). I submit this declaration based on personal knowledge.

3. I understand that Intermec argues for the first time in its reply memorandum that transfer to Delaware is warranted because this case and Symbol's Delaware infringement action purportedly present common issues concerning Intermec's "affirmative licensing defense" under the OEM Agreement. (*See* Intermec Reply, pp. 3, 8.) More specifically, Intermec contends that

both cases present the common issue of whether Intermec products using scan engines purchased from Symbol under the OEM Agreement are immune from infringement claims under Paragraph 18.d. (*Id.*) Intermec further contends that the purported dispute in this case concerning its license rights under the OEM Agreement brings this action within a Delaware forum selection clause in that agreement. (*Id.*, pp. 10-11.)

4.  Intermec is wrong on all counts: The OEM Agreement, including Paragraph 18.d, is *NOT* at issue in this case.

5.  Symbol *agrees* with Intermec that Intermec products which use scan engines purchased from Symbol under the OEM Agreement are immune from infringement under the two patents asserted in this case.

6.  Restating it categorically, Symbol is not suing Intermec in this case on Intermec products which use scan engines purchased from Symbol under the OEM Agreement. Accordingly, there is no common issue between this case and the Delaware case concerning the scope of Intermec's immunity under the OEM Agreement.

7.  Moreover, because Intermec's OEM license defense is inapplicable and moot in this case, the forum selection clause under the OEM is similarly of no relevance here and clearly provides no support for Intermec's motion to transfer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 7, 2005.

Aaron B. Bernstein

2