BR4 EFS
18

Whyte Hirschboeck Dudek S.C.

Eugenia G. Carter
(608) 234-6058
gcarter@whdlaw.com

05- 528

June 9, 2005



FILED
JUL 22 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**Via Hand Delivery**

The Honorable Barbara Crabb
United States District Judge
U.S. District Court
Western District of Wisconsin
120 North Henry Street, Room 320
Madison, WI 53701

Re: Symbol Technologies, Inc., v. Intermec Technologies Corp.
Case No. 05-C-0256-C

Dear Judge Crabb:

We are in receipt of the Motion for Leave to File a Sur-Reply Declaration Instanter and Declaration of Aaron B. Bernstein, both submitted to the Court on June 8, 2005. Although we have no objection to the filing of the Bernstein declaration, we would like to further explain Intermec's position, either by this letter or by a formal brief.

Paragraph 18.k of the OEM Agreement is a covenant (the "Covenant") binding each party, with two specific exceptions not relevant here, not to bring patent infringement suits, such as the instant case, against the other. The Agreement also contains an immunity provision referred to the Bernstein Declaration specifically covering Intermec products manufactured with laser scan engines purchased from Symbol. *See* Agreement, ¶ 18.d. The Covenant, however, is broader than the immunity provision. The Covenant reaches all patent infringement suits.

The Covenant exists for the "Term" of the Agreement, which is defined as January 1, 2004 to December 31, 2006. Agreement, ¶ 10.a and Exhibit 1. In a recent motion filing in Delaware, Symbol has claimed that it properly terminated the Agreement on March 10, 2005 pursuant to paragraph 9.c. Even if so, the termination of the Agreement only permits Symbol to cease selling products to Intermec. The Agreement specifically provides that accrued rights and obligations survive termination. Agreement, ¶ 9.d. Because the Covenant was specifically

negotiated for the entire defined "Term," the Covenant is an accrued right which survives termination.[1]

Thus, even if Symbol now admits that the current action does not address Intermec's bar code readers which are immunized under the Agreement (Symbol's complaint is not so carefully worded, *see* Compl., ¶ 9), Intermec still has rights under the Covenant not to have to defend this action at present. Those existing rights bring the forum selection clause into play. The nature and extent of those rights are being litigated in the pending Delaware cases referred to in our motion papers. Thus, Symbol's conclusion that the Bernstein Declaration negates any reason for transfer arising from the OEM Agreement is incorrect.

Sincerely,

Eugenia G. Carter

Eugenia G. Carter

EGC/smls

cc: Jeffrey S. Ward
Shane A. Bruner
Eric J. Lobenfeld
Ira J. Schaefer
Lawrence Brocchini
Mitchell S. Feller
Leland W. Hutchinson, Jr.
Carson P. Veach
Jennifer L. Fitzgerald
Jeffrey M. Hansen

---

[1] Symbol also asserts in Delaware that Intermec's filing of infringement counterclaims in the Symbol Delaware Action concedes Symbol's termination of the Agreement. Not so. Symbol's initial material breach suspended Intermec's obligations to further perform, but did not release Symbol's liability. These issues are being litigated in Delaware.

MAD/109444.1

 BRIEFS



One South Pinckney Street
Suite 700
Madison, WI 53703
P.O. Box 1806
Madison, WI 53701-1806
Phone 608.257.3501
Fax 608.283.2275

**Shane A. Brunner**
Direct 608.283.0127
Email sabrunner@michaelbest.com

June 10, 2005

**HAND DELIVERY**

The Honorable Barbara Crabb
United States District Judge
U.S. District Courthouse
Western Division of Wisconsin
120 North Henry Street, Room 320
Madison, WI 53701

Re: Symbol Technologies, Inc. v. Intermec Technologies Corp.
Case No. 05-C-0256-C

Dear Judge Crabb:

We represent Symbol Technologies, Inc. ("Symbol") in the above-referenced matter. We write in response to the June 9, 2005 letter of Intermec Technologies Corp. ("Intermec"). That letter is not, as it states, a "further expla[nation of] Intermec's position" but a brand-new argument Intermec had not raised before this Court, including in its opening or reply papers on its motion to transfer. This Court should not countenance Intermec's "back door" attempts to raise new arguments. In any event, the untenable claims raised by Intermec should be disregarded because they contravene the express terms of the parties' OEM Agreement (the "Agreement").

It is undisputed that both parties agree that the Agreement has been terminated. Paragraph 10.b of the Agreement states that "[t]he Agreement shall be in effect for the Initial Term, as defined in Exhibit 1 [to the Agreement] . . . ." Exhibit 1, Section 1, states, "The Initial Term shall commence on January 1, 2004 and extend, unless terminated in accordance with the terms of this [A]greement, until December 31, 2006" (emphasis added). Symbol terminated the Agreement in accordance with the terms of Paragraph 9.c (i.e. the Initial Term ended prior to December 31, 2006, as provided in Exhibit 1, Section 1). To repeat, although Intermec disputes that Symbol's termination was proper, there is no dispute that the Agreement has, in fact, been terminated.

Paragraph 18.k of the Agreement states that "<u>[d]uring the Term of the Agreement</u>" neither party may sue or bring claims against the other for patent infringement, except in two circumstances which are not relevant here. (emphasis added). Since the Agreement is no longer in effect, the parties are no longer bound by the "no suit" provisions of Paragraph 18.k. Compare Paragraph 18.k to Paragraph 18.d of the Agreement, which states, inter alia, that Symbol cannot sue on Intermec products manufactured with Symbol laser scan engines. The immunity provision of Paragraph 18.d, unlike the "no suit" provision of Paragraph 18.k, is not limited to "during the Term of the Agreement." Clearly, the parties distinguished between those covenants which are enforceable only so long as the Agreement is in effect (like that of Paragraph 18.k) and those that extended beyond the Initial Term of the Agreement (like that of Paragraph 18.d), and the parties expressly stated those distinctions in the Agreement.






Intermec's reliance on Paragraph 9.d of the Agreement, providing that "accrued rights and obligations" (whatever that means) survive termination of the Agreement, as somehow applying to Paragraph 18.k, is unavailing. Paragraph 9.d says no such thing. Instead, it distinguishes between obligations that exist only during the Term of the Agreement, such as Paragraph 18.k, and those that survive termination.

Intermec's desperation not to have a lawsuit in this District has caused it to concoct frivolous arguments that have no basis. The proof is that Intermec itself has sued Symbol for patent infringement in Delaware, a suit which directly violates its new interpretation of Paragraph 18.k and contravenes the position Intermec espouses in its letter.

Thank you for your consideration.

Respectfully,

Shane A. Bruner

cc: Leland W. Hutchinson, Jr., Esq. (via email)
Eugenia G. Carter, Esq. (via hand delivery and email)
Eric J. Lobenfeld, Esq. (via email)
Jeffrey S. Ward, Esq. (via email)

Q:\client\014980\9001\B0566430.1