05- 528

DOCKET # 19
U.S. DISTRICT COURT
WEST DIST. OF WISCONSIN

JUN 1 3 2005

FILED
THERESA M. OWENS, CLERK
CASE #

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SYMBOL TECHNOLOGIES, INC.,

        Plaintiff,

v.

INTERMEC TECHNOLOGIES CORP.,

        Defendant.

PRELIMINARY PRETRIAL
CONFERENCE ORDER

05-C-256-C

---

This court held a telephonic preliminary pretrial conference on June 9, 2005. Plaintiff appeared by Eric J. Lobenfeld, Jeffrey S. Ward and Shane A. Bruner. Defendant appeared by Leland W. Hutchinson, Jr. and Eugenia G. Carter. The court set the schedule for this case and advised the parties that their conduct throughout this case is governed by this pretrial conference order and the attachments to it.

1. **Decision on consent: July 1, 2005**

This is the deadline for transferring jurisdiction of this case to the magistrate judge. By this date, the parties must submit to the clerk of court a letter signed by all parties consenting to trial before the magistrate judge. If any party does not consent, then no submission should be made by any party, and the absence of a letter shall be deemed failure to consent.

Copy of this document has been provided to: All Counsel

this 10th day of June 20 05
by C. Alert

C.A. Korth, Secretary to
Magistrate Judge Crocker

2.    **Amendments to the Pleadings: August 1, 2005**

Amendments to the pleadings pursuant to Rules 13-15 and 20-21 must be filed and served not later than the date set forth above. The court routinely accepts amendments filed within the deadline. A party may not amend its pleadings after the deadline without leave of court, which will be granted only upon a showing of good cause for the late amendment and lack of prejudice to the other parties. The longer a party waits to seek leave to amend, the less likely the court will allow amendment.

3.    **Deadline for Filing Dispositive Motions: January 20, 2006**

Dispositive motions may be filed and served by any party on any date up to the deadline set above. All dispositive motions must be accompanied by supporting briefs. All responses to any dispositive motion must be filed and served within 21 calendar days of service of the motion, which the court presumes is the date the motion is filed with the court. Any reply by the movant must be filed and served within 10 calendar days of service of the response, which the court presumes to be the date the response is filed with the court. A party is not entitled to additional time under Rule 6(a) or Rule 6(e) to file and serve documents related to a dispositive motion. The parties may not modify this schedule without leave of court.

If any party files a motion for summary judgment, all parties must follow this court's procedure governing such motions, a copy of which is attached to this order. The court will

2

not consider any document that does not comply with its summary judgment procedure. A party may not file more than one motion for summary judgment in this case without leave of court.

Parties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines. The fact that the general discovery deadline cutoff, set forth below, occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines.

4.   **Disclosure of Experts:**   **Proponent: January 20, 2006**

   **Respondent: February 21, 2006**

   **Rebuttal: March 20, 2006**

All disclosures mandated by this paragraph must comply with the requirements of Rule 26(a)(2)(A), (B) and (C). Supplementation pursuant to Rule 26(e)(1) is limited to matters raised in an expert's first report, must be in writing and must be served not later than five calendar days before the expert's deposition, or before the general discovery cutoff if no one deposes the expert. Any employee of a party who will be offering expert opinions during any phase of this case must comply with all of these disclosure requirements.

Treating physicians and similar treatment providers who will be testifying in that capacity and who will not be offering expert opinions beyond the scope of their treatment

3

must be listed as experts according to the schedule set forth above, but they need not prepare a written report.

Failure to comply with these deadlines and procedures could result in the court striking the testimony of a party's experts pursuant to Rule 37. The parties may modify these deadlines and procedures only by unanimous agreement or by court order.

5.    Settlement Letters: March 24, 2006

Counsel for each party must submit to the clerk of court a settlement letter not later than the date set forth above. The letter should contain the terms and conditions upon which counsel's client(s) would agree to settle this case. Such letters should be filed in an envelope clearly marked "Under Seal" and should not be sent to opposing counsel. Such letters will not become part of the record in this case. Upon receipt of the letters, the court will initiate settlement discussions with counsel.

6.    Discovery Cutoff: April 21, 2006

All discovery in this case must be completed not later than the date set forth above, absent written agreement of all parties to some other date. Absent written agreement of the parties or a court order to the contrary, all discovery must conform with the requirements of Rules 26 through 37.

4

Rule 26(a)(1) governs initial disclosures unless the parties agree in writing to the contrary.

The following discovery materials *shall not* be filed with the court unless they concern a motion or other matter under consideration by the court: interrogatories; responses to interrogatories; requests for documents; responses to requests for documents; requests for admission; and responses to requests for admission.

Deposition transcripts *shall* be filed with the court promptly after preparation. All deposition transcripts must be in compressed format. The court will not accept duplicate transcripts. The parties must determine who will file each transcript.

A party may not file a motion regarding discovery until that party has made a good faith attempt to resolve the dispute. All efforts to resolve the dispute must be set forth in any subsequent discovery motion filed with this court. By this order, the court requires all parties to a discovery dispute to attempt to resolve it quickly and in good faith. Failure to do so could result in cost shifting and sanctions under Rules 37(a)(4) and 37(b)(2).

This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.

All discovery-related motions must be accompanied by a supporting brief, affidavit, or other document showing a *prima facie* entitlement to the relief requested. Any response to a discovery motion must be served and filed within five calendar days of service of the motion, which the court presumes is the date the motion is filed with this court. In the event

that the fifth day falls on a weekend, the response is due by noon on the next day the court is open. Replies may not be filed unless requested by the court. A party is not entitled to additional response time under Rule 6(a) or Rule 6(e) beyond the five calendar days ordered herein.

For all purposes in this case, Rule 6(e) shall apply only to documents mailed via the United States Postal Service. Use of any other courier or express service shall be deemed personal service as of the date of delivery for the purpose of computing time limits.

7.   Final Pretrial Conference: May 11, 2006 at 4:00 p.m.

Not later than 28 days before trial each party shall serve on all other parties all materials specified in Rule 26(a)(3)(A), (B) and (C).

Not later than seven calendar days before the final pretrial conference each party shall submit to the court its witness list and exhibit list, and shall file and serve all motions *in limine* (and any necessary briefs or documents in support), all proposed voir dire questions, proposed jury instructions, proposed verdict forms, and any objections to an opponent's designations under Rule 26(a)(3). The format for submitting proposed voir dire questions, jury instructions and verdict forms is set forth in the Order Governing Final Pretrial Conference, which is attached.

As noted earlier in this order, deposition transcripts are to be filed promptly with the Clerk of Court upon preparation; any deposition that has not been filed with the Clerk of

Court by the date of the final pretrial conference shall not be used by any party for any purpose at trial.

8.  Trial: May 22, 2006 at 9:00 a.m.

Trial shall be to a jury of seven and shall be bifurcated. The parties estimate that this case will take six to eight days to try. Absent further order of this court, the issues to be tried shall be limited to those identified by the parties in their pretrial conference report to the court.

This case will be tried in an electronically equipped courtroom and the parties shall present their evidence using this equipment. A brochure explaining the court's system is included with this order. Counsel shall ensure the compatibility of any of their personal equipment with the court's system prior to the final pretrial conference or shall forfeit their right to use any personal equipment that is not compatible with the court's system.

9.  Reporting Obligation of Corporate Parties.

All parties that are required to file a disclosure of corporate affiliations and financial interest form have a continuing obligation throughout this case promptly to amend that form to reflect any changes in the answers.

7

10. **E-Filing.**

Parties in this lawsuit may file documents with the court electronically. If they choose to file electronically, they must follow the court's procedures in order to ensure that the court properly receives and dockets each submission. The court's procedures, FAQ page, and related information may be found at www.wiwd.uscourts.gov.

## 11. Electronic Notification

Parties in this lawsuit may receive court notices, briefing schedules and orders electronically. If they choose to participate in this program, they must follow the court's procedures. The court's procedures and related information may be found at www.wiwd.uscourts.gov.

Entered this 9th day of June, 2005.

BY THE COURT:

STEPHEN L. CROCKER
Magistrate Judge