**United States District Court**
Western District of Wisconsin
Robert W. Kastenmeier Courthouse
120 N. Henry Street, Rm. 540
Post Office Box 591
Madison, Wisconsin 53701

Chambers of
Barbara B. Crabb
District Judge

Telephone
608-264-5447

December 2, 2003

All Lawyers Practicing in the Western District of Wisconsin

Re: Electronic Filing

Dear Lawyers:

The United States District Court for the Western District of Wisconsin encourages electronic filing of documents. All you need to do is to put your documents in PDF format, attach them to an e-mail and click on send. All of the training that you will need can be found on the Western District website, www.wiwd.uscourts.gov. Please note that at the present time only Magistrate Judge Crocker and I are accepting electronic filings in filed cases. New filings that have not yet been assigned to a judge may be filed electronically.

Once this program is up and running, we hope to start sending you notices of hearings, briefing schedules and orders by e-mail. You may want to start thinking now about how your office wants to handle e-mail from the court.

I am enclosing the court's order on electronic filing, an e-filing fact sheet and a copy of the information you would see on the court's website.

If you experience problems or have suggestions, e-mail them to sys_admin@wiwd.uscourts.gov. (Note the underscore between "sys" and "admin.")

Very truly yours,

Barbara B. Crabb

Barbara B. Crabb
District Judge

BBC:skv

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

Re: Electronic Document Filing                    Administrative Order

---

Effective June 17, 2002, the United States District Court for the Western District of Wisconsin accepts and encourages electronic filing by e-mail in all cases except those cases that are assigned to Judge John C. Shabaz. All new cases may be filed by electronic means. If a new case is assigned to Judge Shabaz, then subsequent filings must be by paper.

Sealed documents may not be filed by electronic means.

All e-mail filings must conform to the requirements specified in the court's instructions on electronic filings by e-mail. The court's instructions can be found on our website at www.wiwd.uscourts.gov.

The court will treat every document electronically filed by counsel as if it were signed by counsel. Any document that requires a signature for its validity (such as an affidavit) may be filed electronically, but counsel should retain the signed original for at least two years after resolution of the action.

Documents will be considered filed at the date and time that the electronic filing is received at the court.

Entered this 9th day of December, 2003.

BY THE COURT:

*Barbara B. Crabb*

_____

BARBARA B. CRABB
District Judge

United States District Court
Western District of Wisconsin

# How to file electronically:

Effective June 17, 2002, the United States District Court for the Western District of Wisconsin accepts and encourages electronic filing by e-mail in all cases except those cases that are assigned to Judge John C. Shabaz.

If the case is appealed to the Seventh Circuit or Federal Circuit, all counsel must provide the clerk of the district court with paper copies of all e-filed documents for inclusion on appeal until such time as the appellate court agrees to accept an electronic record.

## Two Steps to E-Filing.

1.    Convert the document(s) you want to file to PDF format. Please review our Primer on Converting Documents to PDF.

The name that you assign to a PDF document should describe the type of pleading (e.g. Summons, Motion to Dismiss, Brief in Support of Motion to Dismiss, etc.). Please review our Naming PDF Documents.

2.    Attach the PDF(s) to a single e-mail, and put the case number and short caption in the subject field and send to ecf@wiwd.uscourts.gov

United States District Court
Western District of Wisconsin

# E-Filing Frequently Asked Questions

### Where do I sign up to e-file?
You are not required to register in order to electronically filing documents with the court. We will accept e-filings from anyone, just as we accept over-the-counter filings.

### How much does it cost to electronically file a document?
There is no additional cost to electronically file a document; however, you may have to acquire the appropriate software.

### When is my document considered filed?
A document is considered filed when our system receives your e-mail. We will send a reply e-mail indicating that your document has been filed.

### How is the requirement of a signature handled for electronically filed cases?
The court will treat every document electronically filed by counsel as if it were signed by counsel. Any document that requires a signature for its validity (such as an affidavit) may be filed electronically, but counsel should retain the signed original for at least two years after final resolution of the action. See Chief Judge Crabb's order for more information.

### Should I combine all documents into one PDF file?
No. Create a separate PDF file for each document. If you are filing a motion, brief and an affidavit then you will send one e-mail with three PDF attachments (i.e. Motion.pdf, Brief.pdf and Affidavit.pdf). The only exception is a certificate proof of service which would be the last page of the motion.

### What about the Certificate of Service?
If you are including a certificate of service with your filing, make it part of your lead (or first) document in your filing.

### How do I electronically file an attachment or exhibit that is not in PDF format?
Example: You want to file affidavit but the related exhibits are existing paper documents.

If you cannot scan the paper exhibits and generate a PDF formatted file, then file the paper exhibits and file the affidavit electronically. Scanned documents are inherently larger then those documents that are created from text (for example, from Corel WordPerfect or Microsoft Word). The Seventh Circuit Court of Appeals will not accept scanned documents.

### How many documents can I attach to one filing?
There is no limit imposed. It is easier for our staff to process electronic filings if you submit all of your related documents in one e-mail rather than sending each document as a separate e-mail.

### Is there a size limit for documents?
Our e-mail system sets a limit of 5 MB per e-mail. Please contact our staff if you experience a problem with this limit. For comparison purposes, 5 MB is about 300 pages of mixed text and graphics.

### Is it necessary to include a cover letter?
The court discourages a cover letter unless it is absolutely necessary. If you insist on filing a cover letter, send the letter as a separate PDF attachment with your other filings.

### Does the court require a hard copy in addition to the electronically filed documents?

A hard copy version should not be filed unless the court directs a copy to be filed.

### How is the payment of filing fees handled for electronically filed cases?

For filings that require a fee, current rules for methods of payment must be followed. The court has not adopted a credit card account policy. Payment of the filing fee must be forwarded immediately.

### What happens when you get my e-mail and PDF attachments?

A clerk will manually docket your filing. To facilitate this process, the subject line of your e-mail should specify the case number and describe the type of pleading that you are filing (i.e., 01-C-281-C, Motion to Dismiss).

As we docket each of your filings, we will send you another e-mail with a copy of your PDF attached, overlaid with a graphic stamp indicating the case number, document number, and the date and /time that the submission was considered filed.

### Why do you accept only PDF documents?

There are a myriad of different file types, and it would be impractical for us to accept them all. PDF documents are platform-independent and preserve the format of your original document. PDFs are the de facto standard for exchanging documents.

HELPFUL TIPS FOR FILING
A SUMMARY JUDGMENT MOTION
IN CASES ASSIGNED TO JUDGE BARBARA B. CRABB

Please read the attached directions carefully – doing so will save your time and the court's.

**REMEMBER:**

1. <u>All</u> facts necessary to sustain a party's position on a motion for summary judgment must be explicitly proposed as findings of fact. This includes facts establishing jurisdiction. (Think of your proposed findings of fact as telling a story to someone who knows nothing of the controversy.)

2. The court will not search the record for factual evidence. Even if there is evidence in the record to support your position on summary judgment, if you do not propose a finding of fact with the proper citation, the court will not consider that evidence when deciding the motion.

3. A fact properly proposed by one side will be accepted by the court as undisputed unless the other side properly responds to the proposed fact and establishes that it is in dispute.

4. Your brief is the place to make your legal argument, not to restate the facts. When you finish it, check it over with a fine tooth comb to be sure you haven't relied upon or assumed any facts in making your legal argument that you failed to include in the separate document setting out your proposed findings of fact.

5. A chart listing the documents to be filed by the deadlines set by the court for briefing motions for summary judgment or cross-motions for summary judgment is printed on the reverse side of this tip sheet.

Revised June 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PROCEDURE TO BE FOLLOWED ON MOTIONS FOR SUMMARY JUDGMENT

I. MOTION FOR SUMMARY JUDGMENT

A.    Contents:

    1.    A motion, together with such materials permitted by Rule 56(e) as the movant may elect to serve and file; and

    2.    In a separate document, a statement of proposed findings of fact or a stipulation of fact between or among the parties to the action, or both; and

    3.    Evidentiary materials (see I.C.); and

    4.    A supporting brief.

B.    Rules Regarding Proposed Findings of Fact:

    1.    Each fact should be proposed in a separate, numbered paragraph.

    2.    Each factual proposition must be followed by a reference to evidence supporting the proposed fact. For example,

> "1.  Plaintiff Smith bought six Holstein calves on July 11, 2001.
> Harold Smith Affidavit, Jan. 6, 2002, p.1, ¶ 3."

    3.    The statement of proposed findings of fact shall include ALL factual propositions the moving party considers necessary for judgment in the party's favor. For example, the proposed findings shall include factual statements relating to jurisdiction, the identity of the parties, the dispute, and the context of the dispute.

    4.    The court will not consider facts contained only in a brief.

C.    Evidence

    1.    As noted in I.B. above, each proposed finding must be supported by admissible evidence. The court will not search the record for evidence. To support a proposed fact, you may use:

        a.    Depositions. Give the name of the witness, the date of the deposition, and page of the transcript of cited deposition testimony;

        b.    Answers to Interrogatories. State the number of the interrogatory and the party answering it;

        c.    Admissions made pursuant to Fed. R. Civ. P. 36. (state the number of the requested admission and the identity of the parties to whom it was directed); or

        d.    Other Admissions. The identity of the document, the number of the page, and

paragraph of the document in which that admission is made.

    e.    Affidavits. The page and paragraph number, the name of the affiant, and the date of the affidavit. (Affidavits must be made by persons who have first hand knowledge and must show that the person making the affidavit is in a position to testify about those facts.)

    f.    Documentary evidence that is shown to be true and correct, either by an affidavit or by stipulation of the parties. (State exhibit number, page and paragraph.)

## II. RESPONSE TO MOTION FOR SUMMARY JUDGMENT

A.    Contents:

    1.    A response to the movant's proposed finding of fact; and

    2.    A brief in opposition to the motion for summary judgment; and

    3    Evidentiary materials (See I.C.)

B.    In addition to responding to the movant's proposed facts, a non-movant may propose its own findings of fact following the procedure in section I.B. and C. above.

C.    Unless the party opposing the motion puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed.

D.    Rules Regarding Responses to the Movant's Proposed Factual Statements:

    1.    Answer each numbered fact proposed by the moving party in separate paragraphs, using the same number.

    2.    If you dispute a proposed fact, state your version of the fact and refer to evidence that supports that version. For example,

Movant proposes as a fact:
    "1. Plaintiff Smith purchased six Holstein calves from Dell's Dairy Farm on July 11, 2001. Harold Smith Affidavit, Jan. 6, 2002, p.1, ¶ 3."

Non-Movant responds:
    "1. Dispute. The purchase Smith made from Dell's Dairy Farm on July 11, 2001 was for one Black Angus bull." John Dell Affidavit, Feb. 1, 2002, Exh. A."

E.    Evidence

    1.    Each fact proposed in disputing a movant's proposed factual statement and all additional facts proposed by the non-moving party must be supported by admissible evidence. The court will not search the record for evidence. To support a proposed fact, you may use evidence as described in Procedure I.C.1. a. through f.

    2    The court will not consider any factual propositions made in response to the movant's proposed facts that are not supported properly and sufficiently by admissible evidence.

## III. REPLY

A. Contents:

    1.    An answer to each numbered factual statement made by the non-moving party, together with references to evidentiary materials; <u>and</u>

    2.    A reply brief; <u>and</u>

    3.    Evidentiary materials (see I.C.)

DEFENDANT MOVES FOR SUMMARY JUDGMENT

| Deadline 1 | Deadline 2 | Deadline 3 |
|---|---|---|
| defendant's motion | | |
| defendant's brief | plaintiff's response brief | defendant's reply brief |
| defendant's proposed findings of fact | plaintiff's response to defendant's proposed findings of fact | defendant's reply to plaintiff's response to defendant's proposed findings of fact |
| | plaintiff's proposed findings of fact (if necessary to supplement defendant's proposed findings of fact) | defendant's response to plaintiff's proposed findings of fact |

DEFENDANT AND PLAINTIFF MOVE FOR SUMMARY JUDGMENT

| Deadline 1 | Deadline 2 | Deadline 3 |
|---|---|---|
| defendant's motion | | |
| defendant's brief | plaintiff's response brief | defendant's reply brief |
| defendant's proposed findings of fact | plaintiff's response to defendant's proposed findings of fact | defendant's reply to plaintiff's response to defendant's proposed findings of fact |
| plaintiff's motion | | |
| plaintiff's brief | defendant's response brief | plaintiff's reply brief |
| plaintiff's proposed findings of fact | defendant's response to plaintiff's proposed findings of fact | plaintiff's reply to defendant's response to plaintiff's proposed findings of fact |

Page 11

## ORDER GOVERNING FINAL PRETRIAL CONFERENCE

1    The preliminary pretrial conference order specifies the documents to be submitted for the final pretrial conference and the deadlines for submitting them.

2.    The court's standard voir dire questions and standard jury instructions are attached to this order and will be asked or given as a matter of course.  Counsel should not duplicate the standard questions or instructions.

3.    A party must submit hard copy versions of any proposed additional questions for voir dire examination, proposed form of special verdict, and proposed additional jury instructions.

4.    Every party that has access to e-mail also must submit any proposed jury instructions in full electronic text (that is, not just by citation) by e-mailing all proposed jury instructions in a single document in WordPerfect format (4.0 or higher) to **ecfbbe@wiwd.uscourts.gov**.

5.    Proposed jury instructions shall be submitted in the following form:

   A.    Pattern instructions are to be requested by reference to the source (e.g., court's standard instruction or Devitt & Blackmar, § 18.01); and

   B.    Special instructions or pattern instructions, whether modified or not, must be presented double-spaced with one instruction per page, and each instruction shall be footed with the identity of the submitting party, the number of the proposed instruction, and the citation of the pattern instruction, decision, statute, regulation or other authority supporting the proposition stated, with any additions underscored and any deletions set forth in parentheses.    **The e-mail version of a party's proposed instructions also must follow this format.**

6.    The court retains the discretion to refuse to entertain voir dire questions, special verdict forms, or jury instructions not submitted in accordance with this order or the preliminary pretrial conference order unless the subject of the request is one arising during trial which could not reasonably have been anticipated prior to trial.

7.    Each party shall be represented at the final pretrial conference by the lawyer who will actually try the case.  The party shall also be present in person unless

   A.    Counsel has been delegated the full authority to settle the case; or

   B.    Attendance in person is impossible and arrangements are made for communication by telephone during the entire duration of the conference for the purpose of acting upon settlement proposals.

BY THE COURT:

*Barbara B. Crabb*

BARBARA B. CRABB
District Judge

11/03

### Voir Dire Questions

1.  <u>Statement of the case</u>. (A very brief, concise description of the plaintiff(s)' claims and the defendant(s)' defenses.)

    Has any one of you ever heard of this case before today? How? When? When you heard about it, did you form any opinion concerning the case? Do you believe that your ability to serve impartially as a juror in this case has been affected by what you have heard about it?

2.  The trial of this case will begin _____ and will last _____ days. Is there any one of you who would be unable to serve as a juror during this time?

3.  Ask <u>counsel</u> to stand and tell the jury where they practice and with whom. Ask panel whether anyone knows counsel or their associates or partners.

4.  Ask <u>counsel</u> to introduce the parties. Ask panel whether anyone knows any of the parties. (If any party is a corporation, have counsel identify the nature of the corporation's business, its major subsidiaries, or its parent corporation, and where it conducts business. Ask whether anyone on the panel is a stockholder of the corporation or has had business dealings with it.)

5.  Question <u>to each prospective juror</u>:

    Please stand up and tell us about yourself.

    Name, age, and city or town of residence.

    Marital status and number of children, if any.

    Current occupation (former if retired).

    Current (or former) occupation of your spouse or domestic partner.

    Any military service, including branch, rank and approximate date of discharge.

    Level of education and major areas of study, if any.

    Memberships in any groups or organizations.

    Hobbies and leisure-time activities.

    Favorite types of reading material.

    Favorite types of television shows.

6.  Question to <u>panel</u> regarding prior experience with court proceedings.

    a.    Have any of you ever been a party to a lawsuit? Describe circumstances.

    b.    Have any of you ever been a witness in a lawsuit?

    c.    How many of you have served previously on a jury?

    d.    Of those of you who have sat on a jury, were you ever the foreperson on a jury? Describe your experience.

    e.    Do any of you know any of the other persons on the jury panel?

7.    Question to <u>panel</u> in personal injury cases.

In this case the plaintiff is alleging that he suffered injuries [describe in summary fashion, for example, he was burned, or he suffered a broken leg and ankle] in an [automobile, horseback riding, industrial, farm, etc.] accident.

    a.    Has any one of you ever suffered similar injuries? Describe. Do you have any residual effects of your injury?

    b.    Do you have close friends or relatives who have suffered similar injuries?

    c.    Were you ever in an accident involving [an automobile, farm machinery, industrial machine, etc.]?

    d.    Do you have any close friends or relatives who have been in an accident of this kind?

8.    Question to <u>panel</u>. At the end of the case I will give you instructions that will govern your deliberations. You are required to follow these instructions, even if you do not agree with them. Is there any one of you who would be unable or unwilling to follow the instructions?

9.    Question to <u>panel</u>. Do any of you have opinions, whether positive or negative, about people who go to court to obtain relief for wrongs they believe they have suffered?

10.    Question to <u>panel</u>. Do you know of any reason whatsoever why you could not sit as a trial juror with absolute impartiality to all parties in this case?

STANDARD JURY INSTRUCTIONS – CIVIL*

*These instructions are used in cases before the Honorable Barbara B. Crabb, District Judge

## I. INTRODUCTORY INSTRUCTION

Members of the jury, we are about to begin the trial of the case. Before it begins, I will give you some instructions to help you understand how the trial will proceed, how you should evaluate the evidence, and how you should conduct yourself during the trial.

The party who begins the lawsuit is called the plaintiff. In this action, the plaintiff is _____. The parties against whom the suit is brought are called the defendants. In this action, the defendants are _____.

The case will proceed as follows:

First, plaintiff's counsel will make an opening statement outlining plaintiff's case. Immediately after plaintiff's statement, defendants' counsel will also make an opening statement outlining defendants' case. What is said in opening statements is not evidence, but is simply designed to provide you with an introduction to the evidence that the party making the statement intends to produce.

Second, the plaintiff will introduce evidence in support of his claim. At the conclusion of the plaintiff's case, the defendants may introduce evidence. The defendants are not obliged to introduce any evidence or to call any witnesses. If the defendants introduce evidence, the plaintiff may then introduce rebuttal evidence.

Third, the parties will present closing arguments in which they will tell you what they believe the evidence has shown and what inferences you should draw from the evidence. What is said in closing argument is not evidence. The arguments are designed to present to you the contentions of the parties based on the evidence introduced. The plaintiff has the right to give the first closing argument and to make a short rebuttal argument after the defendants' closing argument.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.

Fifth, you will retire in the jury room and begin your deliberations.

You will hear the term "burden of proof" used during this trial. In simple terms, the phrase "burden of proof" means that the party who makes a claim has the obligation of proving that claim. At the end of the trial, I will instruct you on the proper burden of proof to be applied in this case.

During recesses you should keep in mind the following instructions:

First, do not discuss the case either among yourselves or with anyone else during the course of the trial. The parties to this lawsuit have a right to expect from you that you will keep an open mind throughout the trial. You should not reach a conclusion until you have heard all of the evidence and you have heard the lawyers' closing arguments and my instructions to you on the law, and have retired to deliberate with the other members of the jury.

<u>Second</u>, do not permit any third person to discuss the case in your presence. If anyone tries to talk to you despite your telling him not to, report that fact to the court as soon as you are able. <u>Do not</u> discuss the event with your fellow jurors or discuss with them any other fact that you believe you should bring to the attention of the court.

<u>Third</u>, although it is a normal human tendency to converse with people with whom one is thrown in contact, please do not talk to any of the parties or their attorneys or witnesses. By this I mean not only do not talk about the case, but do not talk at all, even to pass the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you are jurors.

<u>Fourth</u>, do not read about the case in the newspapers, or listen to radio or television broadcasts about the trial. If a newspaper headline catches your eye, do not examine the article further. Media accounts may be inaccurate and may contain matters that are not proper for your consideration. You must base your verdict solely on the evidence produced in court.

## Credibility of Witnesses

It is your job to determine the credibility, that is, the believability, of each witness. You must decide how much weight to give to each witness's testimony. In making that decision, you should consider the witness's relationship to the parties, the witness's interest in the outcome of the case, the witness's manner of testifying, the witness's opportunity to have observed or known the matters about which he or she is testifying, the witness's candor, fairness, and intelligence, the witness's bias or prejudice, if any, and the extent to which the witness's testimony has been supported or contradicted by other credible evidence.

The weight to be given to any particular evidence is not necessarily determined by the number of witnesses testifying on behalf of each side. You are to consider all the evidence in the case in determining the credibility of witnesses. You may find that the testimony of a smaller number of witnesses for one side is more believable than the testimony of a greater number of witnesses for the other side.

## Depositions

During the course of a trial the lawyers will often refer to and read from depositions. Depositions are transcripts of testimony taken during the pendency of a lawsuit. The testimony may be that of a party or of anyone who has knowledge of facts about the lawsuit. Deposition testimony is given under oath just like testimony on the trial. You may consider it along with all the other evidence in reaching your verdict in this case.

## Objections

During the trial, you will hear the lawyers make objections to certain questions or to certain answers of the witnesses. When they do so, it is because they believe the question or answer is legally improper and they want me to rule on it. Do not try to guess why the objection

is being made or what the answer would have been if the witness had been allowed to answer it.

If I tell you not to consider a particular statement that has already been made, put that statement out of your mind and remember that you may not refer to it during your deliberations.

## Questions

Sometimes in the trial, I will ask questions of witnesses. That does not mean that I have any opinion about the facts in the case.

If you wish to ask a question about something you do not understand, write it down on a separate slip of paper. If, when the lawyers have finished all of their questioning of the witness, the question is still unanswered to your satisfaction, raise your hand, and I will take the written question from you, show it to counsel, and decide whether it is a question that can be asked. If it cannot, I will tell you that.

## Notetaking

The clerk will give each of you a notepad and pencil for taking notes. This does not mean you have to take notes; take them only if you want to and if you think they will help you to recall the evidence during your deliberations. Do not let notetaking interfere with your important duties of listening carefully to all of the evidence and of evaluating the credibility of the witnesses. Keep in mind that just because you have written something down does not mean that the written note is more accurate than another juror's mental recollection of the same thing. No one of you is the "secretary" for the jury, charged with the responsibility of recording evidence. Each of you is responsible for recalling the testimony and other evidence.

## Evidence

Evidence at a trial includes the sworn testimony of the witnesses, exhibits admitted into the record, facts judicially noticed, and facts stipulated by counsel. You may consider only evidence that is admitted into the record. You may not consider testimony or exhibits to which the court has sustained an objection or which have been ordered stricken from the record.

When the court takes judicial notice of a fact, you must take that fact as proved.

What the lawyers say in their opening statements or closing arguments is not evidence. It is intended to help you understand the evidence, but it is not evidence itself.

Evidence may be either direct or circumstantial. Direct evidence is the testimony of a person such as an eye witness, who asserts actual knowledge of a fact. Circumstantial evidence is the proof of a chain of facts and circumstances from which you may draw a conclusion about a fact. There is no difference in the weight which you may give to either kind of evidence. However, before you may draw a conclusion about a fact, you must find that the underlying facts have been proved by the greater weight of the credible evidence to a reasonable certainty. You may not speculate about your conclusion or choose between two conclusions, if one conclusion

is as logical as the other.

### Contradictory or Impeaching Evidence

A witness may be discredited by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been discredited, it is up to you to decide how much of the testimony of that witness you believe.

If a witness is shown to have given false testimony knowingly, that is, voluntarily and intentionally, about any important matter, you have a right to distrust the witness's testimony about other matters. You may reject all the testimony of that witness or you may choose to believe some or all of it.

The general rule is that if you find that a witness said something before the trial that is different from what the witness said at trial you are to consider the earlier statements only as an aid in evaluating the truthfulness of the witness's testimony at trial. You cannot consider as evidence in this trial what was said earlier before the trial began.

There is an exception to this general rule for witnesses who are the actual parties in the case. If you find that any of the parties made statements before the trial began that are different from the statements they made at trial, you may consider as evidence in the case whichever statement you find more believable.

### Drawing of Inferences

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts you find have been proved, such reasonable conclusions as seem justified in the light of your own experience and common sense.

### Experts

A person's training and experience may make him or her a true expert in a technical field. The law allows that person to state an opinion here about matters in that particular field. It is up to you to decide whether you believe the expert's testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the expert's background of training and experience is sufficient for him or her to give the expert opinion that you heard, and whether the expert's opinions are based on sound reasons, judgment, and information.

During the trial, an expert witness may be asked a question based on assumptions that certain facts are true and then asked for his or her opinion based upon that assumption. Such an opinion is of use to you only if the opinion is based on assumed facts that are proven later. If

you find that the assumptions stated in the question have not been proven, then you should not give any weight to the answer the expert gave to the question.

## II. POST-TRIAL INSTRUCTIONS

### Introduction

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, I will give you the instructions that will govern your deliberations in the jury room. It is my job to decide what rules of law apply to the case and to explain those rules to you. It is your job to follow the rules, even if you disagree with them or don't understand the reasons for them. You must follow <u>all</u> of the rules; you may not follow some and ignore others.

The decision you reach in the jury room must be unanimous. In other words, you must all agree on the answer to each question.

Your deliberations will be secret. You will never have to explain your verdict to anyone.

If you have formed any idea that I have an opinion about how the case should be decided, disregard that idea. It is your job, not mine, to decide the facts of this case.

The case will be submitted to you in the form of a special verdict consisting of _____ questions. In answering the questions, you should consider only the evidence that has been received at this trial. Do not concern yourselves with whether your answers will be favorable to one side or another, or with what the final result of this lawsuit may be.

Note that certain questions in the verdict are to be answered only if you answer a preceding question in a certain manner. Read the introductory portion of each question very carefully before you undertake to answer it. Do not answer questions needlessly.

### Burden of Proof

The burden of proof rests upon the party contending that the answer to a question should be "yes." This burden is to satisfy you, to a reasonable certainty, by the preponderance or greater weight of the credible evidence, that "yes" should be the answer.

By the preponderance of the evidence is meant evidence which when weighed against that opposed to it has more convincing power. Credible evidence is evidence that is worthy of belief in the light of reason and common sense.

### Middle Burden of Proof

In answering question _____, you are instructed that the burden is on the plaintiff to convince you to a reasonable certainty by evidence that is clear, satisfactory, and convincing that the answer should be "yes."

## Answers Not Based on Guesswork

If, after you have discussed the testimony and all other evidence that bears upon a particular question, you find that the evidence is so uncertain or inadequate that you have to guess what the answer should be, then the party having the burden of proof as to that question has not met the required burden of proof. Your answers are not to be based on guesswork or speculation. They are to be based upon credible evidence from which you can find the existence of the facts that the party must prove in order to satisfy the burden of proof on the question under consideration.

## Selection of Presiding Juror; Communication with the Judge; Verdict

When you go to the jury room to begin considering the evidence in this case you should first select one of the members of the jury to act as your presiding juror. This person will help to guide your discussions in the jury room. Once you are there, if you need to communicate with me, the presiding juror will send a written message to me. However, don't tell me how you stand as to your verdict.

As I have mentioned before, the decision you reach must be unanimous; you must all agree.

When you have reached a decision, the presiding juror will sign the verdict form, put a date on it, and all of you will return with the verdict into the court.

## III. DAMAGES

## General

On the damages question, the party asking for damages has the burden of convincing you, by the greater weight of the credible evidence to a reasonable certainty, both that he or she has been injured or damaged and the amount of the damages.

The party seeking damages need not produce evidence that is as exact as the evidence needed to support findings on other questions in the verdict, because determining damages involves the consideration of many different factors that cannot be measured precisely. In determining the damages you must base your answer on evidence that reasonably supports your determination of damages under all of the circumstances of the case. You should award as damages the amount of money that you find fairly and reasonably compensates the named party for his or her injuries.

Do not measure damages by what the lawyers ask for in their arguments. Their opinions as to what damages should be awarded should not influence you unless their opinions are supported by the evidence. It is your job to determine the amount of the damages sustained from the evidence you have seen and heard. Examine that evidence carefully and impartially. Do not

add to the damage award or subtract anything from it because of sympathy to one side or because of hostility to one side. Do not make any deductions because of a doubt in your minds about the liability of any of the parties.

## Income Taxes

You must not add to any award of damages any money to compensate the plaintiff for state or federal income taxes. Damages received as an award for personal injuries are exempt from income taxes. On the other hand, you must not subtract any money from your award of damages just because the plaintiff is not required to pay income taxes.

## Pain and Suffering

In determining how much money will fairly and reasonably compensate plaintiff for past pain and suffering [disability] [disfigurement] [mental anguish] [loss of capacity for enjoyment of life], you should consider any pain and suffering, mental anguish and apprehension, sorrow and anxiety plaintiff has endured from the time of the incident up to the present time. There is no exact standard for deciding how much to award plaintiff for these damages. Your award should be fair and just in the light of the evidence.

## Aggravation of Pre-existing Injury or Condition

The evidence shows that the plaintiff was previously injured when _____. If the injuries plaintiff received at _____ aggravated any physical, mental or emotional condition resulting from the earlier injury or injuries, you should award fair and reasonable compensation for such aggravation. However, you should award compensation only if you find the aggravation of the existing condition was a natural result of the injuries received at _____.

## Duty to Mitigate Damages

A person who has been damaged may not recover for losses that he or she could have reduced by reasonable efforts. "Reasonable efforts" do not include efforts that might cause serious harm or subject the person making the effort to an unreasonable risk, unreasonable inconvenience, unreasonable expense, disorganization of his or her business or loss of honor and respect.

If you find that a reasonable person would have taken steps to reduce the loss, and if you find that the plaintiff did not take such steps, then you should not include as damages any amount the plaintiff could have avoided. If you find that a reasonable person would not have taken steps to reduce the loss under all of the circumstances existing in the case, then you should not consider the plaintiff's failure to act when you determine damages.

It is defendants' burden to satisfy you by the greater weight of the credible evidence that

plaintiff should have taken steps to reduce the loss and failed to do so.

## Mortality Tables

In answering the question of future damages as a result of plaintiff's injuries, you may take into consideration the fact that at this time_____ is _____ years of age. According to the mortality tables, plaintiff has a life expectancy of ____ years.

Although a mortality table giving the expectancy of life of a person of _____'s age, was received in evidence as an aid in determining such expectancy, it is not conclusive or binding upon you. Such tables are based upon averages, and there is no certainty that any person will live the average duration of life rather than a longer or shorter period. In order to determine the probable length of life of _____, you should take into consideration all of the facts and circumstances established by the credible evidence bearing upon that subject.

## Future Earnings

In determining the amount of damages for any loss of _____ that will be incurred in the future, it is your duty to determine the present worth of such future damages.

By present worth, I am referring to the fact that a lump sum of money received today is worth more than the same sum paid in installments over a period of months or years. A sum received today can be invested and earn money at current interest rates. Your answer will reflect the present value in dollars of an award of future damages if you make a reduction for the earning power of money.

Keep in mind that this instruction does not apply to the portion of future damages that represents future pain and suffering. In computing the amount of future damages, you may take into account economic conditions, present and future, and the effects of inflation.

The fact that I have instructed you on the proper measure of damages does not mean I have any view about the verdict in this case. These instructions on damages are only for your guidance in the event that you should find in favor of plaintiff on the question of liability.

## Punitive Damages

If you answered "yes" to Question No. ____, you may award punitive damages in addition to compensatory damages. You are not required to make any award of punitive damages, but you may do so if you think it is proper under the circumstances to make such an award as an example or punishment to deter the defendant and others from offending in a similar manner in the future. In deciding whether to make an award of punitive damages you may also consider the seriousness of the offense committed.

Punitive damages may be awarded even if the violation of plaintiff's rights resulted in only nominal compensatory damages. That is, even if the plaintiff can show no damages or

other injury as a result of a defendant's actions, if the defendant acted with deliberate indifference to plaintiff's rights, punitive damages may be awarded.

Punitive damages are never a matter of right. It is in the jury's discretion to award or withhold them. Punitive damages may not be awarded unless the defendant acted with deliberate indifference to the plaintiff's rights. Even if you find that the violations were reckless or deliberate, you may withhold or allow punitive damages as you see fit.

If you find that a defendant's conduct was motivated by evil motive or intent, such as ill will or spite or grudge either toward the injured person individually or toward all persons such as plaintiff, then you may find that the defendant deliberately violated the plaintiff's rights.

Acts are reckless when they represent a gross departure from ordinary care in a situation where a high degree of danger is apparent. If the defendant was in a position in which he certainly should have known that his conduct would violate the plaintiff's rights, and proceeded to act in disregard of that knowledge and of the harm or the risk of harm that would result to the plaintiff, then he acted with reckless disregard for the plaintiff's rights.

In answering this question, you are instructed that the burden is on the plaintiff to convince you to a reasonable certainty by evidence that is clear, satisfactory, and convincing that the answer should be "yes."

# PROCEDURES
# FOR CALLING WITNESSES
# TO TRIAL

At the trial of a lawsuit, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits; and (2) the testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence to prove his or her case, whether that evidence is in the form of exhibits or witness testimony. If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify. The plaintiff must follow these procedures whether the potential witness is:

(1) a defendant to be called to testify by a plaintiff; or

(2) a plaintiff to be called to testify by a defendant; or

(3) a person not a party to the lawsuit to be called to testify by either a plaintiff or a defendant ("party" means either a plaintiff or a defendant).

## I. PROCEDURES FOR OBTAINING ATTENDANCE OF INCARCERATED WITNESSES WHO AGREE TO TESTIFY VOLUNTARILY

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied

1) that the prospective witness is willing to attend; and

2) that the prospective witness has actual knowledge of relevant facts.

The willingness of a prospective witness can be shown in one of two ways.

1. The party himself or herself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily; that is, without being subpoenaed and without receiving a witness fee. The party must state in the affidavit when and where the prospective witness informed the party of this willingness;

OR

2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed and without receiving a witness fee.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways.

1. The party himself or herself can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual first-hand knowledge that the prospective witness was an eye-witness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify;

**OR**

2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye-witness or an ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

Not later than four weeks before trial, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must

1) state the name and address of each such witness; and

2) be accompanied by the necessary affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The court will review and rule on the motion, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness's custodian to bring the witness to court.

## II. PROCEDURE FOR OBTAINING THE ATTENDANCE OF INCARCERATED WITNESSES WHO REFUSE TO TESTIFY VOLUNTARILY

If an incarcerated witness refuses voluntarily to attend trial, TWO separate procedures must be followed.

1. The witness must be subpoenaed. The party seeking the witness's testimony may write to the Clerk of Court to obtain blank subpoena forms. It is that party's responsibility to complete the subpoena forms for each incarcerated witness who has refused voluntarily to testify

at trial, and to send the completed forms to the United States Marshal for service upon each such witness no later than four weeks prior to trial. No daily witness fees, subsistence allowances, or travel costs need accompany subpoenas for incarcerated witnesses. See 28 U.S.C. § 1821(f).

2. Because the witness is incarcerated, he or she cannot come to court, even having been properly served with a subpoena, unless the court orders his or her custodian to permit the witness to be transported to court. Therefore, no later than four weeks before trial, the party seeking the witness's attendance must serve upon the opposing party and file with the court a motion for an order requiring that the witness be brought to court at the time of trial. The motion must:

a) state the name and address of the witness;

b) advise the court that the party has forwarded to the United States Marshal a completed form for a subpoena; and

c) be accompanied by an affidavit of the party describing the relevant facts to which the prospective witness was an eye-witness or an ear-witness. The affidavit must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

## III. UNINCARCERATED WITNESSES WHO AGREE TO TESTIFY VOLUNTARILY

It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

## IV. UNINCARCERATED WITNESSES WHO REFUSE TO TESTIFY VOLUNTARILY

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, no later than two weeks before trial, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of Court.) Also, the party seeking the witness's presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus

the witness's travel expenses at $.36.5 per mile.  In addition, if the witness's attendance is required for more than one trial day, a subsistence allowance must be paid.

A subpoena will not be served by the United States Marshal upon an inincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness's travel expenses, plus the daily witness fee of $40.  Note: Payment of the daily witness fees is required of the party seeking that witness's testimony, even if the party has been granted leave to proceed in forma pauperis under 28 U.S.C. §1915.

## V.  SUMMARY

The chart below may assist in referring you to the section of this paper which sets forth the appropriate procedure for securing the testimony of witnesses in your case.



## PROCEDURES FOR TRIAL EXHIBITS
## IN THE WESTERN DISTRICT OF WISCONSIN

Before trial, counsel are to label all exhibits that may be offered at trial. Before the start of trial, counsel are to provide the deputy clerk with a list of all exhibits.

1.   Counsel are to label all exhibits with labels provided by the clerk's office.

2.   If more than one defendant will be offering exhibits, counsel should add an initial identifying the particular defendant to the label.

3.   Counsel are to list the exhibits on the yellow exhibit sheet provided by the clerk's office. Counsel should state to whom the exhibits belong, the number of each exhibit and a brief description. (See attached sample.)

4.   Counsel are to provide the court with the original exhibit list and a copy of each exhibit that may offered for the judge's use.

5.   Counsel should check with the clerk's office to obtain the numbers to be used for exhibits.

6.   Counsel are to maintain custody of their own exhibits throughout the trial.

7.   Counsel should be aware that once reference is made to an exhibit at trial, the exhibit becomes part of the record, even though the exhibit might not be formally offered or might not be received. At the end of trial, counsel are to retain all exhibits that become a part of the record. It is counsel's responsibility to maintain the exhibits and to make arrangements with the clerk's office for inclusion of the exhibits in the appeal record, if there is an appeal.

Any questions concerning these instructions may be directed to the clerk's office at (608) 264-5156.

Entered this 2nd day of December, 2003.

BY THE COURT:

*Barbara B. Crabb*

BARBARA B. CRABB
District Judge

OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

*120 North Henry Street, Room 320 ● P.O. Box 432 ● Madison, WI 53701-0432 ● 608-264-5156*

November 15, 2004

### MEMO TO COUNSEL

If a case settled on the weekend before trial, the court should be notified immediately by calling at home Clerk of Court Theresa M. Owens, (608) 848-8809.  This notification will enable the Clerk to call off unneeded jurors and to advise the trial judge to discontinue working on the case. The same procedure should be followed to report last-minute emergencies which might affect the start of the trial.

*Theresa M. Owens*

Theresa M. Owens
Clerk, U.S. District Court