# MICHAEL BEST
## & FRIEDRICH LLP

One South Pinckney Street
Suite 700
Madison, WI 53703

P.O. Box 1806
Madison, WI 53701-1806

Phone 608.257.3501
Fax 608.283.2275

**Jeffrey S. Ward**
Direct 608.283.0111
Email jsward@michaelbest.com

July 5, 2005

*VIA HAND DELIVERY*

The Honorable Barbara Crabb
United States District Judge
U.S. District Courthouse
Western Division of Wisconsin
120 North Henry Street, Room 320
Madison, WI 53701

      Re:   *Symbol Technologies, Inc. v. Intermec Technologies Corp.*
            Case No. 05-C-0256-C

Dear Judge Crabb:

We represent plaintiff Symbol Technologies, Inc. ("Symbol") in the above-referenced action. I write to bring to the Court's attention certain new matters that Symbol believes are germane to the pending motion by defendant Intermec Technologies Corp. ("Intermec") to transfer this action to the District of Delaware.

A principal basis for Intermec's motion is its assertion that this case and the patent cases between the parties pending in Delaware are somehow "related".[1] According to Intermec, this alleged relationship would lead to some sort of judicial efficiencies if the transfer motion were granted. Symbol disputes Intermec's arguments, as set forth in our opposition papers. Those arguments will not be repeated herein. However, the Court should know that last Thursday Intermec filed a complaint against Symbol in the International Trade Commission in Washington, DC. Together with exhibits, Intermec's ITC complaint is about 1,000 pages in length. Although the patents asserted by Intermec in the ITC case are different from the patents Intermec asserts in Delaware, the Symbol devices accused of infringement in the ITC are exactly the same devices accused of infringement in the Delaware action. Obviously, however "related" those cases are because they involve the same devices was not sufficient to prevent Intermec from suing Symbol in a completely different forum on the very same products. Thus, at the same time Intermec was telling this Court about alleged "relatedness" and "efficiencies", Intermec was planning to do something completely inconsistent with what it was telling the Court.

Intermec's lack of candor with the Court also extends to scheduling matters in this case. Intermec opposed Symbol's request for an early trial date herein, and pushed instead for a trial in August 2006. Intermec's basis was its concern that an early trial date herein would somehow

---

[1] See e.g., Intermec's Memorandum In Support Of Its Motion To Transfer Venue, dated May 18, 2005 at 1 ("Symbol's choice to attack the same [Intermec] product group in two infringement actions raises many common issues of fact such as how Intermec's accused products function . . .."); at 3 ("judicial economy warrants transfer of this action with the related and earlier filed Delaware Action").

# MICHAEL BEST
### FRIEDRICH LLP

The Honorable Barbara Crabb
United States District Judge
July 5, 2005
Page 2

interfere with the trial scheduled for May 2006 in Delaware in one of the other patent case pending between the parties. Based on Your Honor's schedule, Magistrate Judge Crocker has scheduled the trial herein for late May 2006, after the Delaware trial. Of course, at the same time Intermec was telling the Court that an early 2006 trial date on Symbol's case was somehow unfair to Intermec, it was secretly planning to sue Symbol in the ITC, an action which Intermec will undoubtedly seek to have tried before the May 2006 Delaware trial. So here again, Intermec was not candid with the Court about its reasons. Indeed, it can be fairly stated, we submit, that Intermec was misleading the Court as well as Symbol.

Finally in this regard, we note that during the scheduling conference with Magistrate Judge Crocker, Symbol objected to Intermec's request that the parties have until August 1 to amend the complaint to add new claims, given the fast pace of litigation in this district. Symbol urged that, to the extent Intermec wished to assert additional patents against Symbol, Intermec was already well aware of how it believed its patents allegedly read on Symbol's products (the parties had been discussing their respective patent portfolios for many months and had exchanged extensive memoranda on the subject in connection with a formal mediation in March of this year). Intermec insisted to Magistrate Judge Crocker that it somehow "needed time" to determine whether it would assert patents in this action and if so which ones. (See Joint Preliminary Pretrial Conference Statement, dated June 2, 2005 at 4 ("Intermec has not yet filed such a [patent] counterclaim because it is conducting pre-filing investigation and may be prepared to amend in the near future"). We now know that while Intermec was "playing for time" with Magistrate Judge Crocker on the stated ground that it somehow did not know what patents to assert against Symbol, it was drafting its 1,000-plus page complaint against Symbol in the ITC on patents it obviously believed were infringed by Symbol's devices with which it was already completely familiar. Here again, Intermec was not candid with the Court or with Symbol.

In light of the foregoing, and for the reasons stated in our papers, Symbol respectfully requests that Intermec's motion to transfer be denied.

Thank you for your consideration.

Respectfully,

Jeffrey S. Ward /jlm

Jeffrey S. Ward

cc: Leland W. Hutchinson, Jr., Esq. (U.S. Mail and email)
    Eugenia G. Carter, Esq. (via hand delivery and email)
    Eric J. Lobenfeld, Esq. (via email)
    Shane A. Bruner (via email)