# Freeborn & Peters LLP

June 16, 2005

Mr. Shane A. Bruner
Michael Best & Freidrich, LLP
One South Pinckney St., Suite 700
Madison, WI 53703

*Attorneys at Law*

311 South Wacker Drive
Suite 3000
Chicago, Illinois
60606-6677
Tel 312.360.6000

Leland W. Hutchinson, Jr.
Partner
Direct 312.360.6503
Fax 312.360.6572
lhutchinson@
freebornpeters.com

*Chicago*

*Springfield*

Re:  *Symbol Technologies, Inc. v. Intermec Technologies, Inc.*

Dear Mr. Bruner,

On behalf of Intermec Technologies, we have compared Symbol's Complaint, Rule 26(a) initial disclosures and discovery requests to the Declaration of Aaron B. Bernstein filed last week. In light of these documents, we seek clarification as to the scope of Symbol's infringement claims.

In paragraph 9 of its complaint, Symbol accuses Intermec's "bar code readers capable of reading and decoding symbology known as PDF417" of infringing the '655 patent. In paragraph 15, Symbol accuses Intermec's "bar code readers capable of reading and decoding the symbology known as Reduced Space Symbology" of infringing the '308 patent. Nowhere in its complaint does Symbol identify more specifically which of Intermec's bar code reader products are accused of infringing which claims of each patent. Symbol's initial disclosures do not further disclose its assertions concerning which specific Intermec products allegedly infringe which claims of each patent.

Last week, Symbol's Deputy General Counsel, Mr. Aaron A. Bernstein, admitted in his declaration that "Intermec products which use scan engines purchased from Symbol under the OEM Agreement are immune from infringement under the two patents asserted in this case." Bernstein Decl., ¶ 5. At the same time, Symbol is seeking broad and expensive discovery from Intermec about all of its bar code readers.

The two patents in suit appear to claim inventions useful only in scanning operations. A limitation of each of the claims of the '655 patent, for instance, appears to be a "means for scanning ... to produce scan lines of data." *See* '655 Patent, Claim 1. Each of the claims of the '308 patent address a "method for combining ... scan fragments." *See* '308 Patent, Claim 1. "Scanning" is generally understood to involve reading the bar code in a sweeping or raster pattern of operation. *See* '665 Patent, Col. 11, Ln. 41-43 (referring to scanning "in a raster pattern").

We are informed that all of Intermec's bar code reader products sold during the last six years that operate using a laser scanner or scanning technology were manufactured using

Mr. Shane Bruner
June 16, 2005
Page 2

Freeborn & Peters LLP

Symbol scan engines purchased by Intermec under the OEM Agreement or its predecessors. Given the Bernstein declaration, all of these products appear to be immune from suit.

Judges in the Western District of Wisconsin have been reading Rule 11, F.R.Civ.P., as:

> requir[ing] an attorney who files a patent infringement action to compare the accused device with the construed patent claims. Plaintiff's counsel must make a reasonable effort to determine whether the accused device satisfies each of the claim limitations and provide those determinations to the defendant as initial disclosures under Rule 26(a)(1), all pursuant to <u>Antonious v. Spaulding & Evenflo Companies, Inc.</u>, 275 F.3d 1066 (Fed. Cir. 2002).

*Ty-Lan Enterprises, Inc. v. Menards, Inc.*, No. 04-C-084-S (March 9, 2004), pp. 1-2 (copy attached as Exhibit A).

We note that Symbol did not provide to Intermec in Symbol's initial disclosures any explanation of how any claim of either the '655 or the '308 patent allegedly reads on any Intermec bar code reader product not immune from suit because of the use of a Symbol scan engine, as described in the Bernstein Declaration. We now ask you to provide such an explanation in an effort to limit needless discovery and wasted litigation expense. We make this request pursuant to the meet and confer requirement of Rule **26(c), F.**R.Civ.P. In the absence of a timely and suitable explanation by Symbol of which specific Intermec products remain accused in this case under a reasonable construction of specific claims of the patents in suit, we will be forced to seek one or more orders from the Court limiting Symbol's discovery and providing Intermec other substantive relief.

Very truly yours,

Leland W. Hutchinson

LWH:tbm

7

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

DOCKET#
U.S. DISTRICT COURT
WEST DIST. OF WISCONSIN
MAR - 9 2004
FILED
THERESA M. OWENS CLERK

---

TY-LAN ENTERPRISES, INC.,

        Plaintiff,

v.

MENARDS, INC.,

        Defendant.

CASE#
PRELIMINARY PRE-TRIAL
CONFERENCE ORDER

04-C-084-S

---

Preliminary pre-trial conference was held by telephone in the above entitled matter on March 9, 2004, the plaintiff having appeared by Jones Day by Calvin P. Griffith and Ryan B. McCrum and Michael Best & Friedrich by Christine C. Mansour; defendant by Foley & Lardner by Jeffrey N. Costakos. Honorable John C. Shabaz, District Judge, presided.

ORDER

IT IS ORDERED that as applied by this Court Rule 11, Federal Rules of Civil Procedure, requires an attorney who files a patent infringement action to compare the accused device with the construed patent claims. Plaintiff's counsel must make a reasonable effort to determine whether the accused device satisfies each of the claim limitations and provide those determinations to the defendant as initial disclosures under Rule 26(a)(1), all

Copy of this document has been provided to: Griffith, Mansour, Costakos
this 9 day of Mar 20 04
by: M. Hardin
M. Hardin, Secretary to
Judge John C. Shabaz

pursuant to <u>Antonious v. Spalding & Evenflo Companies, Inc.</u>, 275 F.3d 1066 (Fed. Cir. 2002).

IT IS FURTHER ORDERED that pending any protective order which the parties may seek, an interim protective order is provided for "eyes only" of the counsel designated to pursue this litigation.

IT IS FURTHER ORDERED that all dispositive motions to be filed during the pendency of this matter, to include motions for summary judgment, shall be accompanied by memoranda of law; opposing party being given 20 calendar days to respond; and the moving party 10 calendar days to reply.

IT IS FURTHER ORDERED that all motions for summary judgment and other dispositive motions shall be served and filed not later than June 15, 2004; motions for summary judgment in accordance with local rule, a copy of which is enclosed.

IT IS FURTHER ORDERED that nondispositive motions, to include procedural motions, may be heard upon five days notice on any Wednesday morning by telephone at 8:00 A.M. or earlier, moving party to initiate the telephone conference to 608-264-5504.

IT IS FURTHER ORDERED that discovery shall be completed and all depositions taken not later than September 1, 2004.

IT IS FURTHER ORDERED that the following discovery materials will not be filed with the Court unless they concern a motion or other matter under consideration by the Court: interrogatories; responses to interrogatories; requests for documents; responses to requests for documents; requests for admission; and responses to requests for admission.

2