# HOGAN & HARTSON

L.L.P.

LAWRENCE V. BROCCHINI
PARTNER
(212) 918-8275
LBROCCHINI@HHLAW.COM

June 21, 2005

875 THIRD AVENUE
NEW YORK, NEW YORK 10022
TEL (212) 918-3000
FAX (212) 918-3100
WWW.HHLAW.COM

**BY EMAIL**

Leland W. Hutchinson, Jr.
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677

> Re: *Symbol Technologies, Inc. v. Intermec Technologies Corp.* – W.D. Wisconsin

Dear Mr. Hutchinson:

We write in response to your letter of June 16, 2005 regarding the "clarification" you seek with respect to the scope of Symbol's claims in the above referenced action.

Initially, neither Rule 26(a), the Preliminary Pretrial Conference Order in this case (unlike Judge Shabaz's order in a completely unrelated cases that you cite), nor any other applicable rule or order requires that Symbol provide any information beyond that set forth in its initial disclosures. Symbol – unlike Intermec, which served its Rule 26(a) disclosures after they were due – has timely complied with its Rule 26 initial disclosure requirements.

Moreover, we strongly take issue with your suggestion that there is some mystery about what Intermec products are at issue. We disagree with your apparent interpretation of the claims of the '655 and '308 patents in suit as being limited to laser scanners. On the contrary, there is nothing in the method claims of the two patents that limit their application to any type of bar code reader technology. The apparatus claims in the '655 patent are similarly not limited to laser scanners. Symbol has made its position clear that Intermec bar code readers which incorporate Symbol scan engines purchased from Symbol under the OEM Agreement are not at issue in this case; however, Intermec makes, uses, sells, and offers for sale bar code readers including, *inter alia*, single line imaging scanners and two-dimensional imaging scanners, neither of which is supplied to Intermec by Symbol, and which decode PDF417 and/or RSS.

WASHINGTON, DC

BERLIN   MUNICH   BRUSSELS   LONDON   PARIS   BUDAPEST   PRAGUE   WARSAW   MOSCOW   BEIJING   TOKYO
NEW YORK   BALTIMORE   McLEAN   MIAMI   DENVER   BOULDER   COLORADO SPRINGS   LOS ANGELES

HOGAN & HARTSON L.L.P.

Leland W. Hutchinson, Jr., Esq.
June 21, 2005
Page 2

      Please be assured that Symbol's counsel has complied with its Rule 11 obligations in determining that the accused devices infringe at least one claim of the '655 and/or the '308 patents, and, therefore, Symbol is entitled to discovery relating to the parties' dispute.

      Of course, if you have specific issues, questions or objections to Symbol's outstanding discovery requests, let us know, and we will address them appropriately as required under Rule 26(c).

      Similarly, if you have any *proper* discovery requests (unlike your June 16 letter), please serve them; we will respond in due course as required under the Federal Rules of Civil Procedure.

      Finally, in the future we would ask that you copy us on any communications with our Wisconsin local counsel.

      Sincerely,

      Lawrence Brocchini

cc:    Shane Brunner, Esq.
       Eugenia C. Carter, Esq.