Document Number  Case Number
014                05-C-0256-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
06/02/2005 06:37:40 PM CDT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

SYMBOL TECHNOLOGIES, INC.,

    Plaintiff,

v.                                          05-C-0256 C

INTERMEC TECHNOLOGIES CORP.,

    Defendant.

## JOINT PRELIMINARY PRETRIAL CONFERENCE STATEMENT

After meeting and conferring pursuant to Federal Rule of Civil Procedure 26(f) on May 25, 2005, the parties hereby submit the following Joint Preliminary Pretrial Conference Statement in anticipation of the Telephone Preliminary Pretrial Conference set for June 9, 2005 at 9:00 a.m.

The parties were unable to reach agreement during their Rule 26(f) conference on several issues, including the timing of trial. Where the parties were unable to reach agreement, each party's respective position is set forth below.

### PROPOSED SCHEDULING AND DISCOVERY PLAN

A.    Trial: The parties do not agree on a date for trial.

**Symbol's Position:** February 8, 2006

**Intermec's Position:** August 2006

With respect to intermediate discovery deadlines, although the parties disagree on the dates certain, they do agree on the timing for the following intermediate events and procedures:

    B.    Last Day to File and Serve Dispositive Motions: Four months before trial

          Responses: Four weeks from service of motion

MAD/109663.2
WNY - 21107/0030 - 894045 v4

Replies: Ten days from service of response

C. Service of Papers: All service documents (including pleadings, discovery motions and responsive papers) shall be delivered by hand delivery to local counsel, with an electronic version sent to a list of not more than three email addresses designated by each party's counsel.

D: Disclosure of Expert and Expert Reports:

Exchange of expert reports on issues for which each respective party bears the burden of proof (including damages disclosure under Rule 26(a)(1)(C)): Four months before trial

Exchange of rebuttal expert reports: Thirty days after initial report

E. Discovery Cutoff: Thirty days before trial

F. Final Pre-Trial Conference: Fourteen days before trial

## OTHER INFORMATION REQUESTED BY THE COURT

1. A concise statement of the nature of the case:

The Plaintiff alleges that the Defendant infringes U.S. Patent Nos. 5,243,655 (the "'655 Patent") and 5,457,308 (the "'308 Patent"; collectively the "Symbol Patents") and that such infringement is willful. The Plaintiff seeks both damages and an injunction. Defendant denies infringement and/or claims that the Symbol Patents are invalid. Defendant also alleges that some of the allegedly infringing products have an express or implied license from Symbol as a result of sales to Intermec by Symbol under an OEM agreement between Symbol and Intermec or by third parties who are licensed to Symbol. Symbol does not believe any sales are licensed, but if they are and Symbol has been paid a royalty thereon, it will not seek damages for such sales. Defendant also claims Symbol's claims violate a covenant not to sue between the parties. Symbol contends that its claims do not violate a covenant not to sue between the parties.

2. The names of any related cases:

**Symbol's Position:** Symbol contends that there are no related cases, as set forth in Symbol Technologies, Inc.'s Opposition to Intermec Technologies Corporation's Motion To Transfer, dated May 26, 2005 and the affidavits in support thereof.

**Intermec's Position:** Intermec contends that there are two related cases pending in the District of Delaware, as set forth in Defendant Intermec Technologies Corporation's Memorandum In Support Of Its Motion To Transfer Venue Pursuant To 28 U.S.C. § 1404(a), dated May 18, 2005.

3. A specific statement of the material factual and legal issues to be resolved at trial, as set forth in the pleadings of the parties:

    a. The issue of infringement of the Symbol Patents, and whether any such infringement is willful;

    b. The validity of the Symbol Patents;

    c. Whether Symbol's claims are barred by a covenant not to sue between the parties;

    d. Whether accused products are covered by a license from Symbol;

    e. Whether an injunction should issue; and

    f. Damages, if any patent-in-suit is determined to be valid and infringed.

4. The possibility of simplifying the issues, including the elimination of frivolous claims and defenses.

The parties will explore ways to simplify the issues in the case, which may include the filing of summary judgment motions.

5. The possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof, and stipulations regarding the authenticity of documents.

The parties will work together to avoid unnecessary proof, including entering into stipulations regarding the authenticity of documents.

6. The necessity or desirability of obtaining advance rulings from the court on the admissibility of certain evidence, including a description of the evidence and a reason for needing an advanced ruling.

Uncertain until discovery is completed.

7.  The need to limit the use of testimony under Fed. R. Evid. 702.

Uncertain until expert discovery is completed.

8.  The identify of any new parties to be added, including an explanation of the necessity or desirability of adding new parties.

Uncertain at this time.

9.  A description of any amendments to the pleadings that any party intends to make, including an explanation of the necessity or desirability of such amendments.

**Symbol's Position:** At this time, Symbol does not seek any amendment of the pleadings. Symbol also opposes any request by Intermec to file an amended answer and patent counterclaims on the ground that Intermec had ample opportunity for pre-filing investigation of any potential patent claims against Symbol in connection with a mediation recently concluded between the parties, and Intermec should have asserted any counterclaims in its answer.

**Intermec's Position:** Intermec may ask the Court to allow it to file an amended answer and counterclaims of patent infringement against Symbol. Intermec has not yet filed such a counterclaim because it is conducting a pre-filing investigation and will be prepared to amend in the near future.

10. The estimated time required for trial, including a breakdown of the time needed for the presentation of each party's case.

**Symbol's Position:** Symbol presently estimates six days will be needed for trial – three for Plaintiff and three for Defendants.

**Intermec's Position:** Intermec presently estimates eight days will be needed for trial.

11. Whether the parties have discussed settlement, and if so, the status of those discussions. Whether use of alternative dispute resolution might be useful in this case.

The parties participated in a formal mediation session with an independent mediator in the State of Texas in March 2005 in an attempt to reach a resolution of various patent infringement and contract issues between them. That mediation was not successful. At present the parties do not think alternative dispute resolution would be useful, because it has been tried and failed.

12. Any other matter affecting the just, speedy and inexpensive disposition of this case, or which the Court should take into account in setting the schedule for this case.

Prior to the production of documents in this case, the parties will seek from the Court a Protective Order governing confidential information in a form to be agreed to by the parties.

The parties have agreed to produce documents in this case in electronic format and will specifically agree upon the procedure they will follow to do so.

Dated this 2nd day of June, 2005

Respectfully submitted,

MICHAEL BEST & FRIEDRICH LLP

By: _____
Jeffrey S. Ward
Shane A. Bruner
One South Pinckney Street, Suite 700
Madison, WI 53703
(608) 257-3501

*Counsel for Plaintiff*
*Symbol Technologies, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
Lawrence Brocchini
Mitchell S. Feller
HOGAN & HARTSON L.L.P.

WHYTE HIRSCHBOECK DUDEK S.C.

By: _____
Eugenia G. Carter

One East Main Street, Suite 300
Madison, WI 53703-3300
(608)255-4440

*Counsel for Defendant*
*Intermec Technologies Corporation*

OF COUNSEL:

Leland W. Hutchinson, Jr.
Carson P. Veach
Jennifer Fitzgerald
Jeffrey M. Hansen
FREEBORN & PETERS LLP

875 Third Avenue
New York, New York 10022

(212) 918-3000

311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677

(312) 360-6000