05 - 528

DOCKET # 27

U.S. DISTRICT COURT
WEST DIST. OF WISCO...

JUL 14 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SYMBOL TECHNOLOGIES, INC.,                              OPINION AND
                                                        ORDER
              Plaintiff,
                                                        05-C-256-C
       v.

INTERMEC TECHNOLOGIES CORP.,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Symbol Technologies, Inc. seeks declaratory, injunctive and monetary relief against defendant Intermec Technologies Corp. for infringing U.S. Patents Nos. 5,243,655 and 5,457,308, relating to bar code technology. The case is before the court on defendant's motion to transfer the case under 28 U.S.C. § 1404(a) and plaintiff's motion to file a sur-reply declaration in response to defendant's reply brief in support of its motion to transfer. Subject matter jurisdiction is present under 28 U.S.C. §§ 1331 and 1338.

I will grant plaintiff's motion to file a sur-reply and consider the parties' arguments concerning the applicability of a purchasing agreement between them and whether the need for a consistent interpretation of that agreement warrants a transfer. Although I am not convinced that the patents in dispute overlap those pending in suits filed in the District

1

A TRUE COPY. Certified
JUL 19 2005
Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin
By Erica L Clark
     Deputy Clerk

Copy of this document has been provided to: counsel

this 14 day of July 20 05
by S. Vogel
S. Vogel, Secretary to
Judge Barbara B. Crabb

Court for the District of Delaware, it does appear that it will be necessary in this case and in the Delaware cases to interpret the parties' purchasing agreement in order to determine whether and to what extent the parties agreed to forgo infringement suits against each other. I conclude therefore that the interests of justice would be served by transferring this case to the district court in Delaware.

From the facts alleged in the complaint, the exhibits attached to defendant's reply brief in support of its motion to transfer venue and the facts averred in the affidavits submitted by the parties, I find for the sole purpose of deciding this motion that the following facts are undisputed and material.

## FACTS

Plaintiff Symbol Technologies, Inc. is a Delaware corporation with its headquarters in Holtsville, New York. Plaintiff is a global leader in secure mobile information systems that integrate application-specific hand-held computers with wireless networks for data, voice and bar code data capture. Plaintiff's product lines include items such as bar code scanners, advanced data capture products, radio frequency identification technology, hand-held and fixed mount mobile computers and wireless local and wide-area networks. Plaintiff is registered to do business in the state of Wisconsin.

Defendant Intermec Technologies Corp. is incorporated in the state of Washington

and has its principal place of business in Everett, Washington. Defendant designs, manufactures and sells portable data collection equipment, including bar code scanning and reading devices. Defendant is registered to do business in Wisconsin and regularly transacts business in Wisconsin.

In addition to suing defendant in this court, plaintiff has sued defendant for infringement of four different patents in the District of Delaware, U.S. Patent Nos. 5,029,183, 5,479,441, 5,157,687, and 6,473,449, all of which relate to power saving modes of operation for wireless local area networks and techniques developed for sending data from point to point in a wireless network. Although the technologies that are the subject of the lawsuits in both Wisconsin and Delaware may be used together, as for example, by incorporating a bar code reader in a wireless network, they are distinct, just as a car radio's technology is wholly different from a car engine's technology, notwithstanding the fact that they are both used in a car.

Plaintiff and defendant entered into a purchasing agreement regarding plaintiff's bar code reader and scanner products. The agreement includes a forum selection clause under which the parties agree to try all disputes relating to the agreement in Delaware. For purposes of this decision, the crucial section is § 18(k), which reads:

> Covenants. During the Term of the Agreement each Party shall not sue (or bring a counterclaim against) the other party for any claim of infringement . . . of any patent, whether now or hereafter in existence, against or relating

3

to any product except for (i) bar code readers to the extent that they use CCD sensor technology, and (ii) RFID Reader Products and RFID Tags except to the extent that they read bar codes.

The parties' agreement is specified to last from January 1, 2004 to December 31, 2006. In § 9(d), it provides that accrued rights and obligations survive termination.

## OPINION

### A. Plaintiff's Motion for Leave to File Sur-reply

As a general rule, arguments not raised until the reply brief are deemed waived. Carter v. Tennant Co., 383 F.3d 673, 679 (7th Cir. 2004) (arguments presented for first time in reply brief are deemed waived) (citing Aps Sports Collectibles, Inc. v. Sports Time, Inc., 299 F.3d 624, 631 (7th Cir. 2002)). In this case, however, I can consider the new arguments raised by defendant, because I am granting plaintiff's request to file a sur-reply brief, giving plaintiff an opportunity to explain why it believes that the new arguments are without merit.

### B. Defendant's Motion for Change of Venue

Defendant has moved to transfer this case to the District of Delaware because plaintiff has suits pending in that district against defendant for infringement of four different patents. Plaintiff has asked the court in Delaware to declare that plaintiff was entitled to

4

terminate the purchasing agreement between the parties, thus permitting it to file suits for patent infringement despite the covenant in the agreement not to sue; defendant has filed a counterclaim in that suit for breach of contract. According to defendant, the products at issue in the Delaware action overlap the products at issue in this action and both cases will involve certain provisions of the purchasing agreement, such as the provisions addressing immunity from infringement suits and the forum selection clause. Defendant argues that transfer is justified to obtain consistent determinations regarding the applicability of the purchasing agreement and of the covenant not to sue in particular. Plaintiff agrees that the purchasing agreement provides defendant immunity from infringement for products that use scan engines purchased from plaintiff. Decl. of Aaron Bernstein, dkt. #17, at ¶5. However, plaintiff contends that such products are not at issue in this case, so the purchasing agreement and its forum selection clause do not apply.

In a motion to transfer venue brought pursuant to 28 U.S.C. § 1404(a), the moving party bears the burden of establishing that the transferee forum is "clearly more convenient." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). In weighing the motion, a court must decide whether the transfer serves the convenience of the parties and witnesses and will promote the interest of justice. 28 U.S.C. 1404(a); Coffey, 796 F.2d at 219-20; Roberts & Schaefer Co. v. Merit Contracting, Inc., 99 F.3d 248, 254 (7th Cir. 1996) (question is whether plaintiff's interest in choosing forum is outweighed by either

convenience concerns of parties and witnesses or interest of justice). The court should view these factors as placeholders among a broader set of considerations and evaluate them in light of all the circumstances of the case. Coffey, 796 F.2d at 219 n.3. Other courts have found that such broader considerations include the situs of material events, ease of access to sources of proof and plaintiff's choice of forum. Harley-Davidson, Inc. v. Columbia Tristar Home Video, 851 F. Supp. 1265, 1269 (E.D. Wis. 1994); Kinney v. Anchorlock Corp., 736 F. Supp. 818, 829 (N.D. Ill. 1990). "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," Coffey, 796 F.2d at 221, such as whether a transfer would help the litigants receive a speedy trial and whether a transfer would facilitate consolidation of related cases. Id.

It is unclear why Wisconsin would be more convenient to try this case than Delaware; defendant contends that Delaware is geographically closer to plaintiff's New York headquarters, witnesses and documents. Plaintiff points out that its choice of forum is entitled to great deference. However, courts have held that if plaintiff's chosen forum is not the situs of material events, a plaintiff's choice has weight equal to the other factors and will not receive deference. Chicago, Rock Island & Pacific Railroad Co. v. Igoe, 220 F.2d 299, 304 (7th Cir. 1955) (plaintiff's choice of forum given less deference if few operative facts occurred in that forum); see also Carillo v. Darden, 992 F. Supp. 1024, 1026 (N.D. Ill. 1998); Sanders v. Franklin, 25 F. Supp. 2d 855, 858 (N.D. Ill. 1998). Nothing in the record

6

suggests that material events occurred in Wisconsin. Because it is questionable that Wisconsin is particularly convenient to either party, I will focus on the interest of justice factor exclusively in deciding whether to transfer this case to the District of Delaware.

It is undisputed that plaintiff has sued defendant for infringement of U.S. Patent Nos. 5,029,183, 5,479,441, 5,157,687, and 6,473,449 in the District of Delaware. Defendant is adamant about the possibility of overlap between the technologies at issue in both the Wisconsin and Delaware actions. It suggests, for example that a bar code reader (the technology at issue in Wisconsin) may be incorporated into a wireless network (the technology at issue in Delaware). Given this overlap, the court in the Delaware action will most likely have to address the importance of the bar code technology in that action and in doing so, decide whether the terms of the purchasing agreement apply. I find this argument dubious, given plaintiff's statement that it is not suing defendant on any of defendant's products using plaintiff's scan engines but I need not decide whether it is correct because the deciding factor is the need to construe the purchasing agreement. Some court will have to determine whether the agreement has been terminated validly, whether the covenant between the parties survives termination and if it does, whether the covenant applies to the technology at issue in this case. It would be best for the parties and for the resources of the federal courts, considered as a whole, to have one construction applicable to all the disputes between the parties. Thus, I conclude that the interests of justice weigh heavily in favor of

7

a transfer, particularly because the agreement contains a forum selection clause. See, e.g., Stephan v. Goldinger, 325 F.3d 874, 878-79 (7th Cir. 2003) (contractual venue clauses generally are valid) (citing Carnival Cruise Lines v. Shute, 499 U.S. 585, 593-95 (1991)); Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1290-91 (7th Cir. 1989) (forum selection clause does not offend due process so long as it is freely negotiated and is not unreasonable and unjust). Although the Delaware court will be free to consolidate the cases or not, a transfer of the case to that court will would allow consolidation if the court should deem it appropriate. Coffey, 796 F.2d at 221 ("related litigation should be transferred to a forum where consolidation is feasible").

## ORDER

IT IS ORDERED that

1. Plaintiff Symbol Technologies, Inc.'s motion to file a sur-reply is GRANTED;

2. Defendant Intermec Technologies Corp.'s motion to transfer the case to the

United States District Court for the District of Delaware is GRANTED.

Entered this 14th day of July, 2005.

BY THE COURT:

*Barbara B. Crabb*

BARBARA B. CRABB
District Judge