

05 - 528

29

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

SYMBOL TECHNOLOGIES, INC.,

    Plaintiff,

v.    05-C-0256 C

INTERMEC TECHNOLOGIES CORP.,

    Defendant.

## REPLY DECLARATION OF LAWRENCE BROCCHINI IN FURTHER SUPPORT OF SYMBOL TECHNOLOGIES, INC.'S MOTION TO COMPEL DISCOVERY FROM INTERMEC TECHNOLOGIES, CORPORATION AND IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER

LAWRENCE BROCCHINI, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a member of Hogan & Hartson L.L.P., counsel for plaintiff, Symbol Technologies, Inc. ("Symbol") in this action. I make the following declaration upon personal knowledge in further support of Symbol's motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel defendant, Intermec Technologies Corporation ("Intermec"), to produce documents and answer interrogatories and in opposition to Intermec's motion for a protective order.

2. On July 11, 2005, my firm received a CD sent by Freeborn & Peters on behalf of Intermec which contained Intermec's first wave of production of documents. Those documents appear to come from only several Intermec employees, and, according to the cover letter, only come from Intermec's Everett office. The documents produced comprise a total of *only 112 documents.* And of the 1820 pages produced, over one

thousand pages (Production Nos. IPDF 000022 - IPDF 0001085, which are two documents constituting binders of patents) are Intermec's own publicly available patents. Many other documents produced at that time are of questionable relevance.

3. As my firm prepared to file this reply on July 18, it received a CD containing a second wave of documents from Intermec. This production contained a total of 4126 pages of documents.

4. In his declaration, Leland W. Hutchinson, Jr., Esq. makes various assertions regarding the meet and confer that proceeded Symbol's filing of this motion, as well as the stipulation on so-called "Immune Products." Symbol will not burden the Court with a point by point refutation of Mr. Hutchinson's declaration, but respectfully refers the Court to my initial declaration and the exhibits thereto demonstrating Symbol's good faith efforts to obtain some commitment by Intermec to a reasonable schedule for production, as well as Symbol's commitment to work out a stipulation on so-called "Immune Products."

I declare under the penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 18, 2005.

_____
Lawrence Brocchini