23



UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

2005 JUL -6 PM 4:20

SYMBOL TECHNOLOGIES, INC.,

   Plaintiff,

v.   05-C-0256 C

INTERMEC TECHNOLOGIES CORP.,

   Defendant.

**FILED**
JUL 22 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### DECLARATION OF LAWRENCE BROCCHINI IN SUPPORT OF SYMBOL TECHNOLOGIES, INC.'S MOTION TO COMPEL DISCOVERY FROM INTERMEC TECHNOLOGIES, CORPORATION

LAWRENCE BROCCHINI, pursuant to 28 U.S.C. § 1746, declares as follows:

1.  I am a member of Hogan & Hartson L.L.P., counsel for plaintiff, Symbol Technologies, Inc. ("Symbol") in this action. I make the following declaration upon personal knowledge in support of Symbol's motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel defendant, Intermec Technologies Corporation ("Intermec") to produce documents and answer interrogatories.

2.  Attached as Exhibit 1 is a true and correct copy of Symbol's First Set of Requests for Inspection of Documents and Things to Intermec Technologies Corporation, served on May 27, 2005.

3.  Attached as Exhibit 2 is a true and correct copy of Symbol's First Set of Interrogatories to Intermec Technologies Corporation, served on May 27, 2005.

4.     Attached as Exhibit 3 is a true and correct copy of a letter dated June 16, 2005 from Leland W. Hutchinson, Jr., Esq. of Freeborn & Peters LLP, counsel for Intermec, to Shane Brunner.

5.     Attached as Exhibit 4 is a true and correct copy of Intermec's Responses to Symbol Technologies, Inc.'s First Set of Interrogatories.

6.     Attached as Exhibit 5 is true and correct copy of Intermec's Responses to Symbol Technologies, Inc.'s First Set of Requests for Production [Sic] and Things.

7.     Attached as Exhibit 6 is a true and correct copy of a letter dated June 21, 2005 from Lawrence Brocchini to Leland W. Hutchinson, Jr., Esq.

8.     Attached as Exhibit 7 is a true and correct copy of a letter dated June 27, 2005 from Lawrence Brocchini to Leland W. Hutchinson, Jr., Esq.

9.     Attached as Exhibit 8 is a true and correct copy of a letter dated July 1, 2005 from Lawrence Brocchini to Leland W. Hutchinson, Jr., Esq.

10.    Attached as Exhibit 9 is true and correct copy of a Intermec's Complaint Under Section 337 of the Tariff Act of 1930, As Amended, *In re Certain Hand-Held Mobile Computing Devices, Components Thereof and Cradles Therefore*, United States International Trade Commission, Investigation No. 337-TA, without exhibits. The complaint, with exhibits, exceeds 1000 pages in total length.

11.    Attached as Exhibit 10 is a true and correct copy of the Joint Preliminary Pretrial Conference Statement, dated June 2, 2005.

12.    Symbol has conferred in good faith with counsel for Intermec to resolve the issue presented by this motion. In response to Intermec's document response indicating that certain documents (in the 10 of 68 categories not wholly objected to by

Intermec) would be produced on a "rolling basis," my June 27, 2005 letter, Exhibit 7 hereto, expressly asked Mr. Hutchinson to provide a date certain when he would begin producing documents and complete the balance of production so that Symbol could be assured that document production will be completed in sufficient time to allow it to conduct other discovery and comply with the other court-imposed deadlines.

      13.    On June 30, 2005, I spoke with Mr. Hutchinson by phone. The substance of that conversation is summarized in my July 1, 2005 letter to Mr. Hutchinson, Exhibit 8 hereto. As summarized in the July 1 letter, during that conference, Mr. Hutchinson withdrew Intermec's main objections to production of documents raised in my June 27 letter. As to timing, despite the request in my June 27 letter that Intermec provide a date certain when production would begin and be completed, Mr. Hutchinson could not provide such a date during that conversation (and has not provided one subsequently either), though he stated that Intermec is not now in a position to provide any documents. Similarly, he did not provide a date on which Intermec would provide interrogatory answers it had then agreed to provide. Part of the reason Mr. Hutchinson cited for Intermec's inability to provide this requested information was difficulty in setting up a time for him to travel to France to obtain information to answer interrogatories and obtain decoding source code and other documents residing there. That, he claimed, could not be done until the week of July 10. Thus, he committed only to providing information and documents at some unidentified time after those meetings during the week of July 10. At that time, I indicated that I would confer further with my colleagues and get back to him on timing, as Symbol believed it was entitled to production beginning immediately and

certainly did not agree that the need to meet with personnel in France was a legitimate excuse justifying Intermec's continued delay.

14. The next morning, July 1, 2005, I wrote Mr. Hutchinson memorializing our discussion and further noting Symbol's disagreement that the purported need to meet in person with Intermec's own employees in France (or any other reasons) justified Intermec's failure again (Intermec's Rule 26 initial disclosures were also late) to provide timely disclosure because the requested information and documents (assuming they resided in France) could easily be gathered by phone, videoconference, email, overnight delivery and/or an earlier trip to France. And, moreover, we noted that Intermec had no excuse for not at least producing document from the United States, which would not be impacted by the timing of his trip to France.

15. In that July 1, 2005 letter, Symbol also offered to provide Intermec with a short extension of time to provide the documents and the interrogatory responses discussed above as follows: (1) July 8 – fully answer the interrogatories; (2) July 8 – commence document production and produce source code; and (3) July 15 – complete all production.

16. My July 1, 2005 letter requested a response to this offer some time that day, but as of this time, we have not received any response from Mr. Hutchinson. Therefore, Intermec has made no commitment to when it will begin or conclude producing document in this case.

I declare under the penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 6, 2005.

*/s/ Lawrence Brocchini*

Lawrence Brocchini

WNY - 71107/0030 - 902478 v1