**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

SYMBOL TECHNOLOGIES, INC.,

        Plaintiff,

        v.                                      05-C-0256 C

INTERMEC TECHNOLOGIES CORP.,

        Defendant.

**SYMBOL TECHNOLOGIES, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS TO INTERMEC TECHNOLOGIES CORP.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Symbol Technologies, Inc. ("Symbol"), hereby requests that Defendant, Intermec Technologies Corp. ("Intermec"), respond to Symbol's First Set of Requests for Production of Documents and Things to Intermec Technologies Corp. (The "Document Requests"). The requested documents and things must be made available for inspection and copying within thirty (30) days of service of these Document Requests at the offices of Hogan & Hartson L.L.P., 875 Third Avenue, New York, New York 10022, or at such other place and time to which the parties may agree.

## DEFINITIONS

1.     The Definitions, Rules, and Instructions set forth in Rule 34(a) of the Federal Rules of Civil Procedure are incorporated herein by reference.

2.     "Symbol" or "Plaintiff" means Symbol Technologies, Inc., its parents, subsidiaries, divisions, branches, affiliates, predecessors or successors in business, and wholly owned or partially owned entities acting or purporting to act for or on behalf of the foregoing or

who are subject to the direction or control of the foregoing, including without limitation, any agents, employees, officers, directors, attorneys, investigators, and consultants of any of the foregoing.

3. "Intermec" or "Defendant" means Intermec Technologies Corp., and its parents, subsidiaries, divisions, branches, affiliates, predecessors or successors in business of either of these companies, and wholly owned or partially owned entities acting or purporting to act for or on behalf of the foregoing or who are subject to the direction or control of the foregoing, including without limitation any agents, employees, officers, directors, attorneys, investigators, and consultants of any of the foregoing.

4. "The '655 Patent" means Symbol's United States Letters Patent No. 5,243,655 entitled "System for Encoding and Decoding Data in Machine Readable Graphic Form," and issued to Ynjiun P. Wang on September 7, 1993.

5. "The '308 Patent" means Symbol's United States Letters Patent No. 5,457,308 entitled "Bar Code Scan Stitching," and issued to Glenn Spitz and Nelson Saenz on October 10, 1995.

6. "Symbol Patents" means, collectively, the '655 and '308 Patents.

7. "Complaint" means Symbol's Complaint For Patent Infringement against Intermec in this action, dated April 28, 2005.

8. "Answer" means Intermec's Answer And Defenses To Complaint Of Patent Infringement, dated May 18, 2005.

9. "Counterpart," when used in reference to any patent, means any United States or foreign patent or patent application directed to the invention of that patent, including without limitation any patent or patent application claiming priority therefrom.

10. The "Technology at Issue" means, collectively, bar code reading devices or systems capable of reading and decoding the symbologies known as (a) PDF417 and/or (b) Reduced Space Symbology, a/k/a RSS ("RSS").

11. "The Identified Products" means each product identified in response to Interrogatory Nos. 1 and 2 of Symbol Technologies, Inc.'s First Set Of Interrogatories To Intermec Technologies Corp. ("Symbol's First Set of Interrogatories").

12. The term "prior art" shall have the same meaning as "prior art" used in 35 U.S.C. § 103, and shall include all of the events set forth in 35 U.S.C. § 102, including, without limitation, prior knowledge, prior publication, prior patenting, prior invention, public use, offer for sale and sale.

13. The term "person" means any natural person in any capacity, and all entities of every description including, but not limited to, associations, organizations, companies, partnerships, joint ventures, corporations, trusts and estates, and all divisions, departments and other such units.

14. The terms "any," "all," and "every" mean each and every.

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the particular interrogatory all information that might otherwise be construed to be outside of their scope.

16. Where appropriate, the use of the singular includes the plural and the use of the plural includes the singular, and the use of any tense of any verb shall be considered to include also within its meaning all of the tenses of the verb so used.

17. The terms "concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, pertaining to, describing, evidencing, constituting, comprising, supporting, refuting or contradicting the referenced subject.

18. The term "communication" means any exchange or transfer of information between two or more persons, whether oral, written or in any other form.

19. The terms "documents and things" and "documents" shall be construed as broadly as permitted under the Federal Rules of Civil Procedure, and include any paper or tangible thing containing any information or communication or having the ability to convey or exhibit the same through any medium whatsoever.

## INSTRUCTIONS

1. These requests extend to all documents in the possession, custody and/or control of Intermec, or in the possession, custody or control of persons or entities under the control of Intermec.

2. In the event that more than one copy of a document exists, Intermec shall produce the original and each non-identical copy of each document or other tangible thing requested herein which is in Intermec's possession, custody or control, or that of Intermec's agents, attorneys, accountants, employees or representatives.

3. Each Request shall be answered fully unless it is in good faith objected to, in which event the reasons for your objection shall be stated in detail. If an objection pertains only to a portion of a Request, or a word phrase, or clause contained within it, you are required to state your objection to that portion only and to respond to the remainder of the Request, using your best efforts to do so.

4. If Intermec contends that any document requested to be produced is protected from discovery by the attorney-client privilege, the work product doctrine or other ground of privilege, then Intermec shall identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked. When any privilege is claimed, Intermec shall indicate, as to the information requested, whether any such documents exist. Intermec shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable the applicability of the privilege or protection to be assessed as provided by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

5. All requested documents produced to Symbol shall be organized either to correspond to the categories in these requests, or as they are kept in the ordinary course of business. In either case, all documents produced shall:

(a) All documents shall be produced with all associated file labels, file headings, and file folders together with the responsive documents from each file, and each file shall be identified as to its owner or custodian; for any document originally stored in electronic media, the file name, path and directory information for each such documents shall also be provided;

(b) If produced in hard copy, all pages now stapled or fastened together shall be produced stapled or fastened together, and shall include all attachments currently or previously

5

appended to each document, regardless of whether such attachments themselves are responsive to these requests;

(c) If produced electronically, all attachments currently or previously appended to the electronic file shall be produced, regardless of whether such attachments themselves are responsive to these requests; and

(d) All documents that cannot be legibly copied shall be produced in original form.

6. These requests are deemed to be continuing in nature to the full extent required by the Federal Rules of Civil Procedure. If further responsive documents come into the possession or to the attention of Intermec or its attorneys at any time during the course of this proceeding, such documents must be produced as required by the Federal Rules of Civil Procedure.

7. To the extent that any document is produced in response to one of the following requests and is also responsive to a subsequent request, an additional copy of the document need not be supplied.

## REQUESTS FOR PRODUCTION

1. All documents and things listed and/or described in Intermec's mandatory initial disclosure under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

2. A physical sample of each of The Identified Products.

3. Documents sufficient to identify the trade name, model number, and/or other applicable designation for each of The Identified Products.

4. For each of the Symbol Patents, all documents and things concerning the patent, the application that led to the issuance of the patent or any Counterpart thereof, including without limitation:

　　A. all correspondence concerning the patent or any Counterpart thereof;

　　B. all internal memoranda concerning the patent or any Counterpart thereof;

　　C. all documents and things concerning awareness, validity, patentability, enforceability and/or infringement of any claim of the patent or any Counterpart thereof;

　　D. all documents and things concerning any opinion, report, and/or memoranda, either legal or non-legal, written or oral, prepared by or at the request of, or otherwise presented to, Intermec or of which Intermec is in possession, concerning any claim of the patent or any Counterpart thereof, including without limitation opinions, reports and memoranda relating to the validity, patentability, enforceability or infringement by Intermec of any claim of the patent or any Counterpart thereof;

　　E. all documents and things concerning Intermec's interpretation of any claim term in the patent or any Counterpart thereof;

　　F. all documents and things concerning any contention by Intermec that it has not infringed one or more claims of the Symbol Patents or any Counterpart thereof;

　　G. all documents and things concerning any of the technology disclosed and/or claimed in the patent or any Counterpart thereof; and

　　H. all documents and things concerning the issue of whether any claim of the patent or any Counterpart thereof is invalid and/or unenforceable, including without limitation all prior art.

5. All documents and things concerning the Technology at Issue.

7

6. All documents and things concerning actual or potential liability by any third party, in whole or in part, for indemnification of Intermec against infringement of any of the Symbol Patents or any Counterpart thereof, including but not limited to agreements, licenses, correspondence, and contracts, whether or not the document mentions the patent or Counterpart.

7. All documents and things concerning the structure, function and/or operation of the bar code decoding software of each of The Identified Products, including but not limited to, user's manuals, specifications, technical overviews, marketing documents, engineering notebooks, laboratory or research notebooks, memoranda, drawings, diagrams, schematics, software listings, source code, design reports, project meeting notes, and progress reports.

8. All documents and things concerning the design and/or development of the bar code decoding software used in each of The Identified Products to decode PDF417 and/or RSS, including but not limited to, engineering notebooks, laboratory or research notebooks, memoranda, drawings, diagrams, schematics, specifications, software listings, source code, design reports, project meeting notes, and progress reports.

9. All documents and things concerning the structure, function and/or operation of any ASIC used in connection with decoding of PDF417 and/or RSS, including but not limited to, user's manuals, specifications, technical overviews, marketing documents, engineering notebooks, laboratory or research notebooks, memoranda, drawings, diagrams, schematics, software listings, source code, design reports, project meeting notes, and progress reports.

10. All documents and things concerning the design and/or development of any ASIC used in connection with decoding PDF417 and/or RSS, including but not limited to, engineering notebooks, laboratory or research notebooks, memoranda, drawings, diagrams, schematics,

specifications, software listings, source code, design reports, project meeting notes, and progress reports.

11. All documents and things concerning the testing of the decoding software used in each of The Identified Products to decode PDF417 and/or RSS,, including but not limited to, engineering notebooks, laboratory or research notebooks, memoranda, drawings, diagrams, schematics, specifications, software listings, source code, design reports, project meeting notes, and progress reports.

12. All documents and things concerning the promotional, marketing, sales and/or advertising activities with respect to each of The Identified Products, including without limitation, business plans, marketing plans, presentations and advertisements.

13. All documents and things concerning any comparison of the Identified Products and any Symbol product.

14. All source code related to bar code decoding for the Identified Products, including any revision histories or other documents and things concerning changes to the source code.

15. Schematics diagrams of the CPU circuit boards for each of the Identified Products.

16. All documents and things concerning any research and development work with respect to the source code used in the Identified Products to decode PDF417 and/or RSS.

17. All documents and things concerning the uses of the Identified Products.

18. All documents and things concerning the ability of the Identified Products to read and decode PDF417 symbology or RSS symbology.

19. All documents and things concerning the use of any measure of data reliability, including but not limited to confidence weighting, in reading and decoding bar code symbology, including PDF417 symbology.

20. All documents concerning reading and decoding RSS symbology, including the ability of the Identified Products to read and decode that symbology.

21. All documents and things which show the structure and organization of Intermec's departments, divisions, groups, and/or personnel with responsibility for the design, development, testing, standard certification, manufacturing, fabrication, assembly, promotion, marketing, sales, or advertising activities of The Identified Products.

22. All documents and things concerning the business of bar code readers or other systems or devices that read and decode the PDF417 symbology, including without limitation, the market(s) for products identified in response to Interrogatory No. 1 of Symbol's First Set of Interrogatories.

23. All documents and things concerning the business of bar code readers or other systems or devices capable of reading and decoding RSS symbology, including without limitation, the market(s) for products identified in response to Interrogatory No. 2 of Symbol's First Set of Interrogatories.

24. All documents and things concerning market share information for products concerning the Technology at Issue, including any market share of such products from Symbol, Intermec, or another manufacturer.

25. Documents sufficient to show the actual or potential industry participants in the market for the sale of The Identified Products in the United States.

26. All of Intermec's annual reports from January 1, 1995 through the present.

27. All documents and things concerning communications with any person other than Symbol concerning the Symbol Patents, the subject matter of this litigation and/or this suit.

28. All documents and things concerning any contention by Intermec that its infringement of the Symbol Patents was/is not willful and deliberate.

29. All documents and things concerning any contention by Intermec that Symbol is barred by the doctrine of laches from asserting damages for infringement of the Symbol Patents occurring prior to filing of the Complaint by Symbol.

30. All documents and things concerning any contention by Intermec that Symbol is barred by the doctrine of equitable estoppel from asserting damages for infringement of the Symbol Patents occurring prior to filing of the Complaint by Symbol.

31. All documents and things concerning any contention by Intermec that Symbol is barred from recovering damages for failure to provide adequate notice to the public in accordance with 35 U.S.C. § 287.

32. All documents and things relating to the ownership of the Symbol Patents.

33. All documents and things concerning any attempt or effort by Intermec to avoid infringement of any one or more of the Symbol Patents in designing, developing and/or implementing any product, including but not limited to The Identified Products.

34. All documents and things in the possession, custody, or control of Intermec concerning any attempt or effort by a third party to avoid infringement of any one or more of the Symbol Patents in designing, developing and/or implementing any product, including but not limited to The Identified Products.

35. All documents and things concerning the disposition of any documents or things called for by the requests herein, which are no longer in Intermec's possession, custody or control.

36. All documents and things reviewed, identified or referred to responding to Symbol's First Set of Interrogatories, served concurrently herewith.

37. All documents and things relied upon by Intermec in preparing Intermec's Answer.

38. All documents concerning Intermec's document retention policy.

39. All documents and things referring or relating to any opinions of inside or outside counsel with respect to the infringement or non-infringement of any of the claims of the Symbol Patents.

40. All documents and things concerning Symbol, its business, its customers and/or its products.

41.   All documents and things concerning any prior art to any of the Symbol Patents.

42.   All documents and things concerning the interpretation of any of the terms in the claims of the Symbol Patents.

43.   All documents and things produced or provided to Intermec by any person or entity and asserted or suggested by such person or entity to be relevant to the validity, scope, enforceability or patentability of any claim in any of the Symbol Patents.

44.   All documents and things concerning any of the "secondary considerations" of the type described in *Graham v. John Deere* and its progeny, for the subject matter described and/or claimed in the Symbol Patents.

45.   For each of The Identified Products, and for each year from the first commercialization of that product through the present, documents sufficient to show the unit and dollar volume of that product.

46.   For each of The Identified Products, and for each year from the first commercialization of that product through the present, documents sufficient to show Intermec's costs of goods and/or sales, and the nature of each such cost.

47.   For each of The Identified Products, and for each year from the first commercialization of that product through the present, documents sufficient to establish gross revenues, gross profits, gross profit margins, net profits and net profit margins on sales of that product, including without limitation, all documents listing or summarizing the above profit information.

48. All documents concerning projected sales (in unit and dollars), costs, profits or margin, pricing, marketing, market share, sales volumes, or market projections or analyses concerning The Identified Products.

49. All documents and things concerning any proposed, contemplated or actual financial projections relating to The Identified Products.

50. All documents and things concerning any license taken or granted by Intermec, or any negotiations regarding possible licensing, related to technology contained in The Identified Products.

51. All documents and things concerning any license taken or granted by Intermec, or any negotiations regarding possible licensing, related to The Technology at Issue.

52. All documents and things concerning any consideration of whether to seek a license under any of the Symbol Patents.

53. Documents sufficient to establish gross royalties and net royalties paid or received by Intermec, and any future obligations, under licenses with third parties with respect to technology contained in The Identified Products, including without limitation, all documents listing or summarizing the above royalty information.

54. Documents sufficient to establish gross royalties and net royalties paid or received by Intermec, and any future obligations, under licenses with third parties with respect to The Technology at Issue, including without limitation, all documents listing or summarizing the above royalty information.

14

55. All documents and things concerning any of Intermec's contentions, positions, or assertions made or to be made concerning its damage theories in this litigation, including without limitation, contentions, positions, or assertions made or to be made concerning the theories of price erosion, lost profits, reasonable royalty, established royalty and lost sales.

56. All documents and things concerning any contention, position, or assertion made or to be made by Intermec regarding demand for the technology of the claims asserted by Symbol in this action.

57. All documents and things concerning any contention, position, or assertion made or to be made by Intermec regarding acceptable noninfringing substitutes.

58. All documents and things concerning any contention, position, or assertion made or to be made by Intermec regarding Symbol's manufacturing capacity.

59. All documents and things, other than regular sales and marketing documents, transmitted between Intermec and any other person or entity concerning the Symbol Patents, and any software, system, apparatus or method related to reading and decoding bar codes disclosed in the Symbol Patents.

60. All of Intermec's corporate minutes and/or materials presented to its board of directors that concern Symbol, any of Symbol's products, any of Symbol's employees, the Symbol Patents, this lawsuit, or any other lawsuit involving any of the Symbol Patents.

61. All documents and things that compare any of The Identified Products with any of Symbol's products, including but not limited to published or publicly available product reviews, independent analyses, studies, and reports.

62. All documents and things concerning any comparison of the design, structure, function, or operation of any product, device, technology, or system against the specification and/or any claim of any of the Symbol Patents.

63. All documents and things concerning any policies, practices or standards that Intermec uses, references, relies on, or refers to for the licensing of patents owned by or exclusively licensed by Intermec and which are related to the Technology at Issue.

64. All documents and things concerning marketing, advertising, promotional efforts or any other efforts by Intermec to promote the use or sales (i) of any of The Identified Products and (ii) any Intermec product embodying the Technology at Issue.

65. All correspondence with actual or potential customers, other than routine purchase and sales correspondence, concerning (i) any of The Identified Products and/or (ii) any Intermec product embodying the Technology at Issue.

66. Documents sufficient to identify, by name and location, Intermec's customers for The Identified Products in the United States since the introduction of each such product.

67. All documents and things concerning any communications between Intermec and any third party relating to Symbol.

68. All documents and things concerning any communications between Intermec and any third party relating to the Symbol Patents.

MICHAEL BEST & FRIEDRICH LLP

By: _____
Jeffrey S. Ward
Shane A. Bruner
Michael Hughes
One South Pinckney Street
Suite 700
Madison, Wisconsin 53703
(608) 257-3501

Attorneys for Plaintiff Symbol Technologies, Inc.

Of Counsel:

Eric J. Lobenfeld
Ira J. Schaefer
Lawrence Brocchini
Mitchell S. Feller
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022

Dated: May 26, 2005