IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SYMBOL TECHNOLOGIES, INC.,

        Plaintiff,

v.                                    05-C-0256-C

INTERMEC TECHNOLOGIES CORP.,

        Defendant.

**SYMBOL TECHNOLOGIES, INC.'S
FIRST SET OF INTERROGATORIES TO INTERMEC TECHNOLOGIES CORP.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, Symbol Technologies, Inc., hereby requests that Defendant, Intermec Technologies Corp., answer fully, in writing and under oath, each of the following interrogatories ("Interrogatories") within thirty (30) days from the service hereof.

## DEFINITIONS

1.     "Symbol" or "Plaintiff" means Symbol Technologies, Inc., its parents, subsidiaries, divisions, branches, affiliates, predecessors or successors in business, and wholly owned or partially owned entities acting or purporting to act for or on behalf of the foregoing or who are subject to the direction or control of the foregoing, including without limitation, any agents, employees, officers, directors, attorneys, investigators, and consultants of any of the foregoing.

2.     "Intermec" or "Defendant" mean Intermec Technologies Corp., its parents, subsidiaries, divisions, branches, affiliates, predecessors or successors in business of either of

these companies, and wholly owned or partially owned entities acting or purporting to act for or on behalf of the foregoing or who are subject to the direction or control of the foregoing, including without limitation any agents, employees, officers, directors, attorneys, investigators, and consultants of any of the foregoing.

3. "The '655 Patent" means Symbol's United States Letters Patent No. 5,243,655 entitled "System for Encoding and Decoding Data in Machine Readable Graphic Form," and issued to Ynjiun P. Wang on September 7, 1993.

4. "The '308 Patent" means Symbol's United States Letters Patent No. 5,457,308 entitled "Bar Code Scan Stitching," and issued to Glenn Spitz and Nelson Saenz on October 10, 1995.

5. "Symbol Patents" means, collectively, the '655 and '308 Patents.

6. The "Asserted Claims," for purposes of these interrogatories, means, collectively, the patent claims identified below. The failure to identify a specific claim below should not be viewed as an admission that Symbol will not assert that specific claim, and Symbol reserves the right to augment and/or revise its list of asserted claims after further investigation and/or discovery:

   (a) '655 Patent – Claims 7, 15, 23, 31

   (b) '308 Patent – Claims 2-7, 21.

7. The term "prior art" shall have the same meaning as "prior art" used in 35 U.S.C. § 103, and shall include all of the events set forth in 35 U.S.C. § 102, including, without

limitation, prior knowledge, prior publication, prior patenting, prior invention, public use, offer for sale and sale.

8. The term "person" means any natural person in any capacity, and all entities of every description including, but not limited to, associations, organizations, companies, partnerships, joint ventures, corporations, trusts and estates, and all divisions, departments and other such units.

9. The terms "any," "all," and "every" mean each and every.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the particular interrogatory all information that might otherwise be construed to be outside of their scope.

11. Where appropriate, the use of the singular includes the plural and the use of the plural includes the singular, and the use of any tense of any verb shall be considered to include also within its meaning all of the tenses of the verb so used.

12. The term "concerning" is used in its broadest sense and embraces all matter relating to, referring to, pertaining to, describing, evidencing, constituting, comprising, supporting, refuting or contradicting the referenced subject.

13. The term "documents" shall be construed as broadly as permitted under the Federal Rules of Civil Procedure, and includes any paper or tangible thing containing any information or communication or having the ability to convey or exhibit the same through any medium whatsoever.

\\\\NY - 21107/0030 - 891559 v1

14. The term "identify" used in reference to an individual person means to state the person's full name, present address and telephone number, if known, and the person's present or last known title, position, and business affiliation. When used in reference to a person other than an individual person, "identify" means to state whether such person is a corporation, company, partnership, association, joint venture, or other organization, and the name, present and last known address, and principle place of business. Once any person has been identified properly, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

15. The term "identify" used in reference to a document or other tangible thing means:

(a) to provide a brief description of such document or thing, including date, author, recipients and content or substance;

(b) to identify the custodian of the document or thing;

(c) to identify the place where the document or thing may be inspected; and

(d) if any such document was, but is no longer in Intermec's possession, custody or control, state what disposition was made of such document.

16. The term "identify" used in reference to an occurrence or event means to provide all facts relating to the event, including without limitation, a description of the event, the time and place the event occurred, the identity of each and every person who witnessed the event, and the identity of each and every person having knowledge of the event.

4

## INSTRUCTIONS

1.  These Interrogatories extend to all information in the possession, custody and/or control of Intermec, or in the possession, custody or control of persons or entities under the control of Intermec.

2.  Each Interrogatory shall be answered fully unless it is in good faith objected to, in which event the reasons for your objection shall be stated in detail. If an objection pertains only to a portion of an Interrogatory, or a word phrase, or clause contained within it, you are required to state your objection to that portion only and to answer the remainder of the Interrogatory, using your best efforts to do so.

3.  If Intermec contends that any information sought is protected from discovery by the attorney-client privilege, the work product doctrine or other ground of privilege, then Intermec shall identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked. When any privilege is claimed, Intermec shall indicate, as to the information requested, whether any such information exists. Intermec shall describe the nature of the information not produced or disclosed in a manner that will enable the applicability of the privilege or protection to be assessed as provided by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

4.  These Interrogatories are deemed to be continuing in nature to the full extent required by the Federal Rules of Civil Procedure. If further responsive information comes into the possession or to the attention of Intermec or its attorneys at any time during the course of this

5

proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## INTERROGATORIES

1. State the trade name, model number, and other applicable designation, of each type or model of bar code reading device or system manufactured, used, sold, and/or offered for sale in the United States by Intermec since January 1, 1999 that is capable of reading and/or decoding the symbology known as PDF417, and for each such device or system, identify the type and manufacturer of the bar code scan engine used.

2. State the trade name, model number, and other applicable designation of each type or model of bar code reading device, system, engine, and/or subassembly manufactured, used, sold, and/or offered for sale in the United States by Intermec since January 1, 1999 that is capable of reading and/or decoding the symbology known as Reduced Space Symbology or RSS, and for each such device or system, identify the type and manufacturer of the bar code scan engine used.

3. For each of the products identified in response to Interrogatory No. 1 and Interrogatory No. 2, identify the three persons currently or formerly at Intermec most knowledgeable concerning the design, development, structure, operation and performance of the decoding software used in each such product and the area(s) of knowledge for each person.

4. For each of the Asserted Claims, state whether Intermec contends that the claim is not infringed, and, if the response is other than an unqualified negative, state in detail each specific basis for such contention, including Intermec's interpretation of the terms in the claim

6

and any and all facts (including identifying specific elements of the Intermec devices) that Intermec believes support such contention, and identify each person with knowledge concerning that contention and all documents concerning same.

5. For each of the Asserted Claims, state whether Intermec contends that the claim is either invalid and/or unenforceable, and, if the response is other than an unqualified negative, state each specific basis for such contention, and state in detail any and all facts (including identifying all prior art) that Intermec believes support such contention, and identify each person with knowledge concerning that contention and all documents concerning same.

6. Describe the circumstances under which Intermec first became aware of each one of the Symbol Patents and identify each person with knowledge and all documents concerning same.

7. State each fact that supports Intermec's denial of the allegations that its infringement of the '655 Patent or the '308 Patent has been willful and deliberate, and with respect to each such fact, identify each person with knowledge of that fact and each document concerning that fact.

8. State whether Intermec has sought or obtained any opinion of counsel concerning the infringement or non-infringement, validity or invalidity, or enforceability or unenforceability of either the '655 Patent or the '308 Patent, and, if so, identify each such opinion by date, author and recipient.

9. Identify all persons providing information used to answer the above Interrogatories.

7

                MICHAEL BEST & FRIEDRICH LLP

                By: *[signature]*
                Jeffrey S. Ward
                Shane A. Bruner
                Michael Hughes
                One South Pinckney Street
                Suite 700
                Madison, Wisconsin 53703
                (608) 257-3501

                Attorneys for Plaintiff Symbol Technologies, Inc.

Of Counsel:

Eric J. Lobenfeld
Ira J. Schaefer
Lawrence Brocchini
Mitchell S. Feller
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022

Dated: May 26, 2005