IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SYMBOL TECHNOLOGIES, INC.,

    Plaintiff,

v.                                         05-C-0256-C

INTERMEC TECHNOLOGIES CORP.,

    Defendant.

## INTERMEC'S RESPONSES TO SYMBOL TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES

Defendant Intermec Technologies Corporation ("Intermec") hereby responds and objects to Plaintiff Symbol Technologies, Inc.'s ("Symbol") First Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

These responses, while based on diligent exploration by Intermec and its counsel, reflect only the current status of Intermec's knowledge, understanding, and belief responding to the matter about which inquiry has been made. Discovery in this action has just begun and is continuing. Consequently, Intermec may not have yet discovered all documents, information, or facts pertinent to these interrogatories, and may not have yet identified or located all persons with knowledge or pertinent information or facts. As discovery in this action proceeds, Intermec anticipates that it will discover additional or different documents, information, or facts. Intermec reserves the right to modify or supplement its responses with whatever pertinent documents, information, or facts may subsequently be discovered. Furthermore, these responses are without prejudice to Intermec's right to use or rely on at any time, including trial, any subsequently

JUN 2 1 2005

discovered documents, information, or facts omitted from these responses as a result of mistake, error, oversight or inadvertence. Intermec further reserves the right to produce additional documents, information, or facts in evidence at any time, including trial, and to object on appropriate grounds to the introduction into evidence of any portion of these responses.

Specific objections to each separate interrogatory are made on an individual basis in Intermec's responses below. In addition to the specific objections, Intermec makes certain general objections to the interrogatories. These general objections are hereby incorporated by reference into the responses made with respect to each separate interrogatory. Intermec's response to each individual interrogatory is submitted without prejudice to, and without in any respect waiving, any general objections not expressly set forth in that response. Accordingly, the inclusion of any specific objection to an interrogatory in any response below is neither intended as, nor shall in any way be deemed to be, a waiver of any general objection or of any other specific objections made herein or asserted at a later date. In addition, the failure to include at this time any general or specific objection to an interrogatory is neither intended as, nor in any way shall be deemed, a waiver of Plaintiff's right to assert that or any other objection at a later date.

## GENERAL OBJECTIONS

1.      Intermec objects to these Interrogatories to the extent they seek to impose burdens or obligations beyond or inconsistent with those required by the Federal Rules of Civil Procedure, the Local Rules of this Court, or orders of the Court.

2.      Intermec objects to these Interrogatories to the extent they are overbroad and unduly burdensome.

- 2 -

3. Intermec objects to these Interrogatories to the extent they seek information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

4. Intermec objects to these Interrogatories to the extent they seek privileged information, including information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

5. Intermec objects to these Interrogatories to the extent they seek the productions of confidential information of third parties.

6. Intermec objects to these Interrogatories to the extent they seek information not in the possession, custody or control of Intermec.

7. Intermec objects to these Interrogatories to the extent they seek information that is publicly available or could be obtained more easily by other means of discovery.

8. None of the individuals identified in Intermec's responses below are to be contacted directly. Any contact should be made through counsel for Intermec.

The foregoing General Objections are incorporated into each of the Specific Objections to the Interrogatories.

1. State the trade name, model number, and other applicable designation of each type or model of bar code reading device or system manufactured, used, sold, and/or offered for sale in the United States by Intermec since January 1, 1999 that is capable of reading and/or decoding the symbology known as PDF417, and or each such device or system, identify the type and manufacturer of the bar code scan engine used.

**ANSWER:**

Intermec objects to this interrogatory as compound and containing multiple subparts.

Intermec further objects to this interrogatory on the grounds that discovery is just beginning and

- 3 -

Intermec's investigation into the issues raised by this interrogatory is continuing. Without obliging itself to do so, Intermec reserves the right to supplement this interrogatory response as discovery progresses. Subject to, and without waiving, these and the General Objections set forth above, Intermec provides the following response:

The following Intermec products can be configured with an integrated scanner option capable of reading and/or decoding the symbology known as PDF417:

a) 2410a – Batch Hand-held Terminal

b) 2415a – RF Hand-held Terminal

c) T2420 – Batch Hand-held Terminal

d) T2425C – RF Hand-held Terminal

e) 1551e – Integrated Decode Laser Scanner

f) 1800 – Scan Plus Vista (VT)

g) 1800 – Scan Plus (SR)

h) 1802 – Scan Plus VT (Vista)/9735 Complete Kit

i) T2420a – Batch Hand-held Terminal

j) 720 – Pen Notepad Computer

k) 741 – Color Mobile Computer

l) 751 – Color Mobile Computer

m) 761 – Color Mobile Computer

n) SF51 – Cordless Scanner

2.      State the trade name, model number, and other applicable designation of each type or model of bar code reading device, system, engine, and/or subassembly manufactured, used, sold, and/or offered for sale in the Untied States by Intermec since January 1, 1999 that is capable of reading and/or decoding the symbology known as Reduced Space Symbology or RSS, and for each such device or system, identify the type and manufacturer of the code scan engine used.

### ANSWER:

Intermec objects to this interrogatory as vague and ambiguous, as Symbol has not yet defined what it means by "RSS" and the term "RSS", as used in the relevant scanning industry, has several varying definitions. Intermec further objects to this interrogatory as compound and containing multiple subparts. Intermec further objects to this interrogatory on the grounds that discovery is just beginning and Intermec's investigation into the issues raised by this interrogatory is continuing. Without obliging itself to do so, Intermec reserves the right to supplement this interrogatory response as discovery progresses and after Symbol further defines the meaning it attaches to "RSS".


3.      For each of the products identified in response to Interrogatory No. 1 and Interrogatory No. 2, identify the three persons currently or formerly at Intermec most knowledgeable concerning the design, development, structure, operation and performance of the decoding software used in each such product and the area(s) of knowledge for each person.

### ANSWER:

Intermec objects to this interrogatory as vague and ambiguous as regards the reference to Interrogatory No. 2, as Symbol has not yet defined what it means by "RSS" and the term "RSS", as used in the relevant scanning industry, has several varying definitions. Intermec further objects to this interrogatory as compound and containing multiple subparts. Intermec further objects to this interrogatory on the grounds that discovery is just beginning and Intermec's investigation into the issues raised by this interrogatory is continuing. Without obliging itself to

- 5 -

do so, Intermec reserves the right to supplement this interrogatory response as discovery progresses and after Symbol further defines the meaning it attaches to "RSS". Subject to, and without waiving, these and the General Objections set forth above, Intermec provides the following response:

The three persons most knowledgeable regarding the products identified in response to Interrogatory No. 1 are:

    a)    Olivier Dedieu, Intermec (Toulouse, France)

    b)    Sprague Ackley, Intermec (Toulouse, France)

    c)    Arvin Danielson, Intermec (Toulouse, France)

4.    For each of the Asserted Claims, state whether Intermec contends that the claim is not infringed, and, if response is other than an unqualified negative, state in detail each specific basis for such contention, including Intermec's interpretation of the terms in the claim and any and all facts (including identifying specific elements of the Intermec devices) that Intermec believes support such contention, and identify each person with knowledge concerning that contention and all documents concerning same.

**ANSWER:**

Intermec objects to this interrogatory as compound and containing multiple subparts. Intermec further objects to this interrogatory on the grounds that discovery is just beginning and Intermec's investigation into the issues raised by this interrogatory is continuing. Without obliging itself to do so, Intermec reserves the right to supplement this interrogatory response as discovery progresses. Subject to, and without waiving, these and the General Objections set forth above, Intermec provides the following response:

Intermec does not believe that any of its products utilize the bar code stitching invention claimed in the '308 patent. Intermec also believes that all scanning products produced by it that are capable of reading and/or decoding PDF417 incorporate scan engines which were purchased

from Symbol. Because Symbol has now admitted, through the June 7, 2005 Declaration of Aaron B. Berstein, that Intermec products that use scan engines purchased from Symbol are immune from infringement under the two patents asserted in this case, none of those products infringe either patent.

5.   For each of the Asserted Claims, state whether Intermec contends that the claim is either invalid and/or unenforceable, and, if the response is other than an unqualified negative, state each specific basis for such contention, and state in detail any and all facts (including identifying all prior art) that Intermec believes support such contention, and identify each person with knowledge concerning that contention and all documents concerning same.

**ANSWER:**

Intermec objects to this interrogatory as compound and containing multiple subparts. Intermec further objects to this interrogatory on the grounds that discovery is just beginning and Intermec's investigation into the issues raised by this interrogatory is continuing. Without obliging itself to do so, Intermec reserves the right to supplement this interrogatory response as discovery progresses. Subject to, and without waiving, these and the General Objections set forth above, Intermec provides the following response:

Intermec contends that the Asserted Claims for Symbol's '655 Patent are invalid and/or unenforceable on the basis of obviousness. Intermec's investigation into these matters is ongoing and Intermec will provide an amended response to this interrogatory as Intermec becomes aware of the pertinent information.

6.   Describe the circumstances under which Intermec first became aware of each one of the Symbol Patents and identify each person with knowledge and all documents concerning same.

**ANSWER:**

-7-

Intermec objects to this interrogatory as compound and containing multiple subparts. Intermec further objects to this interrogatory on the grounds that discovery is just beginning and Intermec's investigation into the issues raised by this interrogatory is continuing. Subject to, and without waiving, these and the General Objections set forth above, Intermec provides the following response:

Intermec's investigation into these matters is ongoing and Intermec will provide an amended response to this interrogatory as Intermec becomes aware of the pertinent information.

7. State each fact that supports Intermec's denial of the allegations that its infringement of the '655 Patent or the '308 Patent has been willful and deliberate, and with respect to each such fact, identify each person with knowledge of that fact and each document concerning that fact.

**ANSWER:**

Intermec objects to this interrogatory as compound and containing multiple subparts. Intermec further objects to this interrogatory on the grounds that discovery is just beginning and Intermec's investigation into the issues raised by this interrogatory is continuing. Subject to, and without waiving, these and the General Objections set forth above, Intermec provides the following response:

Intermec denies Symbol's allegations regarding willful and deliberate infringement as Intermec has not infringed Symbol's '655 and '308 Patents. Intermec's investigation into these matters is ongoing and Intermec may provide an amended response to this interrogatory as Intermec becomes aware of additional pertinent information.

8. State whether Intermec has sought or obtained any opinion of counsel concerning the infringement or non-infringement, validity or invalidity, or enforceability or unenforceability

- 8 -

of either the '655 Patent or the '308 Patent, and, if so, identify each such opinion by date, author and recipient.

**ANSWER:**

Intermec objects to this interrogatory as compound and containing multiple subparts. Intermec further objects to this interrogatory on the grounds that discovery is just beginning and Intermec's investigation into the issues raised by this interrogatory is continuing. Subject to, and without waiving, these and the General Objections set forth above, Intermec provides the following response:

Intermec's investigation into these matters is ongoing and Intermec will provide an amended response to this interrogatory as Intermec becomes aware of pertinent information.

9. Identify all persons providing information used to answer the above Interrogatories.

**ANSWER:**

a) Tracy Hillstrom, Intermec (Everett, Washington)

b) John Ramburg, Intermec (Everett, Washington)

c) Dan Bodnar, Intermec (Everett, Washington)

INTERMEC TECHNOLOGIES CORP.

*/s/ Jeffrey M. Hansen*

Leland W. Hutchinson, Jr.
Jennifer L. Fitzgerald
Jeffrey M. Hansen
FREEBORN & PETERS LLP
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606

#885591

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing **Intermec's Responses to Symbol Technologies, Inc.'s First Set of Interrogatories** were caused to be served on the 20th day of June 2005, upon the following via Fed Ex:

>Jeffrey S. Ward
>Shane A. Bruner
>Michael Hughes
>One South Pinckney Street
>Suite 700
>Madison, Wisconsin 53703

>Eric J. Lobenfeld, Esq.
>Ira J. Schaefer
>Lawrence Brocchini
>Mitchell S. Feller
>HOGAN & HARTSON L.L.P.
>875 Third Avenue
>New York, New York 10022

_/s/ Jeffrey M. Hansen_
Jeffrey M. Hansen