## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

SYMBOL TECHNOLOGIES, INC.,

       Plaintiff,

    v.                      05-C-0256-C

INTERMEC TECHNOLOGIES CORP.,

       Defendant.

## INTERMEC'S RESPONSES TO SYMBOL TECHNOLOGIES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION AND THINGS

Defendant Intermec Technologies Corporation ("Intermec") hereby responds and objects to Plaintiff Symbol Technologies, Inc.'s ("Symbol") First Set of Requests for Production of Documents and Things as follows:

### PRELIMINARY STATEMENT

These responses, while based on diligent investigation by Intermec and its counsel, reflect only the current status of Intermec's knowledge, understanding, and belief responding to the matter about which inquiry has been made. Discovery in this action has just begun and is continuing. Consequently, Intermec may not have yet discovered all documents, information, or facts pertinent to these interrogatories, and may not have yet identified or located all persons with knowledge or pertinent information or facts. As discovery in this action proceeds, Intermec anticipates that it will discover additional or different documents, information, or facts. Intermec reserves the right to modify or supplement its responses with whatever pertinent documents, information, or facts may subsequently be discovered. Furthermore, these responses are without

JUN 2 1 2005

prejudice to Intermec's right to use or rely on at any time, including trial, any subsequently discovered documents, information, or facts omitted from these responses as a result of mistake, error, oversight or inadvertence. Intermec further reserves the right to produce additional documents, information, or facts in evidence at any time, including trial, and to object on appropriate grounds to the introduction into evidence of any portion of these responses.

Specific objections to each separate request for production are made on an individual basis in Intermec's responses below. In addition to the specific objections, Intermec makes certain general objections to the requests for production. These general objections are hereby incorporated by reference into the responses made with respect to each separate request for production. Intermec's response to each individual request for production is submitted without prejudice to, and without in any respect waiving, any general objections not expressly set forth in that response. Accordingly, the inclusion of any specific objection to a request for production in any response below is neither intended as, nor shall in any way be deemed to be, a waiver of any general objection or of any other specific objections made herein or asserted at a later date. In addition, the failure to include at this time any general or specific objection to a request for production is neither intended as, nor in any way shall be deemed, a waiver of Plaintiff's right to assert that or any other objection at a later date.

## GENERAL OBJECTIONS

1.    Intermec objects to these Requests for Production to the extent they seek to impose burdens or obligations beyond or inconsistent with those required by the Federal Rules of Civil Procedure, the Local Rules of this Court, or orders of the Court.

2.    Intermec objects to these Requests for Production to the extent they are overbroad and unduly burdensome.

3.      Intermec objects to these Requests for Production to the extent they seek information not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Intermec objects to these Requests for Production to the extent they seek privileged information, including information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

5.      Intermec objects to these Requests for Production to the extent they seek the production of confidential information of third parties.

6.      Intermec objects to these Requests for Production to the extent they seek information not in the possession, custody or control of Intermec.

7.      Intermec objects to these Requests for Production to the extent they seek information that is publicly available or could be obtained more easily by other means of discovery.

8.      Intermec objects to these Requests for Production to the extent that any request is cumulative or duplicative.

9.      Intermec objects to these Requests for Production to the extent that they purport to call for the production of documents or information that Intermec is prohibited from disclosing by contract, order, statute, rule, regulation or law.

10.     Intermec objects to these Requests for Production to the extent that the Definitions and Instructions provided by Symbol are vague and ambiguous, including Symbol's failure to define what it understands by "RSS", as the term "RSS", as used in the relevant scanning industry, has several varying definitions, and Symbol's definitions of "The Identified Products" and "Technology at Issue" as Symbol has not yet provided Intermec with a list of

Intermec products that infringe on Symbol's patents and are not the subject of a license between Symbol and Intermec.

11.    Intermec objects to these Requests for Production and reserves the right to not produce any documents until such time as Symbol clarifies what, if any, Intermec products are at issue herein as the June 7, 2005 Declaration of Aaron B. Bernstein states that any Intermec products that use scan engines purchased from Symbol are immune from infringement under the two Symbol patents asserted in this case.ca

The foregoing General Objections are incorporated into each of the Specific Objections to the Requests for Production.

1.    All documents and things listed and/or described in Intermec's mandatory initial disclosure under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec states that it will produce non-privileged, responsive documents that are relevant to this Request for Production and are relevant to a claim or defense in this case.  Such production will be accomplished on a "rolling" basis as the documents are gathered and reviewed by Intermec and its counsel.

2.    A physical sample of each of The Identified Products.

**RESPONSE:**

4

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

3.      Documents sufficient to identify the trade name, model number, and/or other applicable designation for each of The Identified Products.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

4.      For each of the Symbol Patents, all documents and things concerning the patent, the application that led to the issuance of the patent or any Counterpart thereof, including without limitation:

A.      all correspondence concerning the patent or any Counterpart thereof;

B.      all internal memoranda concerning the patent or any Counterpart thereof;

C.      all documents and things concerning awareness, validity, patentability, enforceability and/or infringement of any claim of the patent or any Counterpart thereof;

D.      all documents and things concerning any opinion, report, and/or memoranda, either legal or non-legal, written or oral, prepared by or at the request of, or otherwise presented to, Intermec or of which Intermec is in possession, concerning any claim of the patent or any Counterpart thereof, including without limitation opinions, reports and memoranda relating to

5

the validity, patentability, enforceability or infringement by Intermec of any claim of the patent or any Counterpart thereof;

     E.    all documents and things concerning Intermec's interpretation of any claim term in the patent or any Counterpart thereof;

     F.    all documents and things concerning any contention by Intermec that it has not infringed one or more claims of the Symbol Patents or any Counterpart thereof;

     G.    all documents and things concerning any of the technology disclosed and/or claimed in the patent or any Counterpart thereof; and

     H.    all documents and things concerning the issue of whether any claim of the patent or any Counterpart thereof is invalid and/or unenforceable, including without limitation all prior art.

**RESPONSE**:

Subject to, and without waiving the foregoing objections, Intermec states that it will produce non-privileged, responsive documents that are relevant to this Request for Production and are relevant to a claim or defense in this case. Such production will be accomplished on a "rolling" basis as the documents are gathered and reviewed by Intermec and its counsel.

     5.    All documents and things concerning the Technology at Issue.

**RESPONSE**:

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

6.      All documents and things concerning actual or potential liability by any third party, in whole or in part, for indemnification of Intermec against infringement of any of the Symbol Patents or any Counterpart thereof, including but not limited to agreements, licenses, correspondence, and contracts, whether or not the document mentions the patent or Counterpart.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production on the grounds that it is vague, overly broad, and unduly burdensome and will not

produce any documents until such time as Symbol meets and confers with Intermec and

identifies with greater specificity the documents and categories of documents Symbol seeks in

the request.

7.      All documents and things concerning the structure, function and/or operation of the bar code decoding software of each of The Identified Products, including but not limited to, user's manuals, specifications, technical overviews, marketing documents, engineering notebooks, laboratory or research notebooks, memoranda, drawings, diagrams, schematics, software listings, source code, design reports, project meeting notes, and progress reports.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

8.      All documents and things concerning the design and/or development of the bar code decoding software used in each of The Identified Products to decode PDF417 and/or RSS,

7

including but not limited to, engineering notebooks, laboratory or research notebooks, memoranda, drawings, diagrams, schematics, specifications, software listings, source code, design reports, project meeting notes, and progress reports.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

9.      All documents and things concerning the structure, function and/or operation of any ASIC used in connection with decoding of PDF417 and/or RSS, including but not limited to, user's manuals, specifications, technical overviews, marketing documents, engineering notebooks, laboratory or research notebooks, memoranda, drawings, diagrams, schematics, software listings, source code, design reports, project meeting notes, and progress reports.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

10.      All documents and things concerning the design and/or development of any ASIC used in connection with decoding PDF417 and/or RSS, including but not limited to, engineering notebooks, laboratory or research notebooks, memoranda, drawings, diagrams, schematics, specifications, software listings, source code, design reports, project meeting notes, and progress reports.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

11.    All documents and things concerning the testing of the decoding software used in each of The Identified Products to decode PDF417 and/or RSS, including but not limited to, engineering notebooks, laboratory or research notebooks, memoranda, drawings, diagrams, schematics, specifications, software listings, source code, design reports, project meeting notes, and progress reports.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

12.    All documents and things concerning the promotional, marketing, sales and/or advertising activities with respect to each of The Identified Products, including without limitation, business plans, marketing plans, presentations and advertisements.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

9

13.     All documents and things concerning any comparison of The Identified Products and any Symbol product.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

14.     All source code related to bar code decoding for The Identified Products, including any revision histories or other documents and things concerning changes to the source code.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

15.     Schematics diagrams of the CPU circuit boards for each of The Identified Products.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

16.    All documents and things concerning any research and development work with respect to the source code used in The Identified Products to decode PDF417 and/or RSS.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

17.    All documents and things concerning the uses of The Identified Products.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

18.    All documents and things concerning the ability of The Identified Projects to read and decode PDF417 symbology or RSS symbology.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

11

19.    All documents and things concerning the use of any measure of the data reliability, including but not limited to confidence weighting, in reading and decoding bar code symbology, including PDF417 symbology.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

20.    All documents concerning reading and decoding RSS symbology, including the ability of The Identified Products to read and decode that symbology.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

21.    All documents and things which show the structure and organization of Intermec's departments, divisions, groups, and/or personnel with responsibility for the design, development, testing, standard certification, manufacturing, fabrication, assembly, promotion, marketing, sales, or advertising activities of The Identified Products.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

 

22.     All documents and things concerning the business of bar code readers or other systems or devices that read and decode the PDF417 symbology, including without limitation, the market(s) for products identified in response to Interrogatory No. 1 of Symbol's First Set of Interrogatories.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

 

23.     All documents and things concerning the business of bar code readers or other systems or devices capable of reading and decoding RSS symbology, including without limitation, the market(s) for products identified in response to Interrogatory No. 2 of Symbol's First Set of Interrogatories.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

 

24.     All documents and things concerning market share information for products concerning the Technology at Issue, including any market share of such products from Symbol, Intermec, or another manufacturer.

13

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.


25.    Documents sufficient to show the actual or potential industry participants in the
market for the sale of The Identified Products in the United States.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.


26.    All of Intermec's annual reports from January 1, 1995 through the present.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec states that it will

produce non-privileged, responsive documents that are relevant to this Request for Production

and are relevant to a claim or defense in this case. Such production will be accomplished on a

"rolling" basis as the documents are gathered and reviewed by Intermec and its counsel.


27.    All documents and things concerning communications with any person other than
Symbol concerning the Symbol Patents, the subject matter of this litigation and/or this suit.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

28.    All documents and things concerning any contention by Intermec that its
infringement of the Symbol Patents was/is not willful and deliberate.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

29.    All documents and things concerning any contention by Intermec that Symbol is
bared by the doctrine of laches from asserting damages for infringement of the Symbol Patents
occurring prior to filing of the Complaint by Symbol.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

15

30.    All documents and things concerning any contention by Intermec that Symbol is barred by the doctrine of equitable estoppel from asserting damages for infringement of the Symbol Patents occurring prior to filing of the Complaint by Symbol.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

31.    All documents and things concerning any contention by Intermec that Symbol is barred from recovering damages for failure to provide adequate notice to the public in accordance with 35 U.S.C. § 287.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

32.    All documents and things relating to the ownership of the Symbol Patents.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec states that it will

produce non-privileged, responsive documents that are relevant to this Request for Production

and are relevant to a claim or defense in this case.  Such production will be accomplished on a

"rolling" basis as the documents are gathered and reviewed by Intermec and its counsel.

16

33.     All documents and things concerning any attempt or effort by Intermec to avoid infringement of any one or more of the Symbol Patents in designing, developing and/or implementing any product, including but not limited to The Identified Products.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

34.     All documents and things in the possession, custody, or control of Intermec concerning any attempt or effort by a third party to avoid infringement of any one or more of the Symbol Patents in designing, developing and/or implementing any product, including but not limited to The Identified Products.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

35.     All documents and things concerning the disposition of any documents or things called for by the requests herein, which are no longer in Intermec's possession, custody or control.

**RESPONSE:**

17

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

36.    All documents and things reviewed, identified or referred to responding to Symbol's First Set of Interrogatories, served concurrently herewith.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

37.    All documents and things relied upon by Intermec in preparing Intermec's Answer.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

38.    All document concerning Intermec's document retention policy.

**RESPONSE:**

18

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

39.    All documents and things referring or relating to any opinions of inside or outside counsel with respect to the infringement or non-infringement of any of the claims of the Symbol Patents.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

40.    All documents and things concerning Symbol, its business, its customers and/or its products.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

41.    All documents and things concerning any prior art of any of the Symbol Patents.

19

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec states that it will produce non-privileged, responsive documents that are relevant to this Request for Production and are relevant to a claim or defense in this case. Such production will be accomplished on a "rolling" basis as the documents are gathered and reviewed by Intermec and its counsel.

42.    All documents and things concerning the interpretation of any of the terms in the claims of the Symbol Patents.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec states that it will produce non-privileged, responsive documents that are relevant to this Request for Production and are relevant to a claim or defense in this case. Such production will be accomplished on a "rolling" basis as the documents are gathered and reviewed by Intermec and its counsel.

43.    All documents and things produced or provided to Intermec by any person or entity and asserted or suggested by such person or entity to be relevant to the validity, scope, enforceability or patentability of any claim in any of the Symbol Patents.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec states that it will produce non-privileged, responsive documents that are relevant to this Request for Production and are relevant to a claim or defense in this case. Such production will be accomplished on a "rolling" basis as the documents are gathered and reviewed by Intermec and its counsel.

44.    All documents and things concerning ay of the "secondary considerations" of the type described in *Graham v. John Deere* and its progeny, for the subject matter described and/or claimed in the Symbol Patents.

20

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec states that it will produce non-privileged, responsive documents that are relevant to this Request for Production and are relevant to a claim or defense in this case. Such production will be accomplished on a "rolling" basis as the documents are gathered and reviewed by Intermec and its counsel.

45.     For each of The Identified Products, and for each year from the first commercialization of that product through the present, documents sufficient to show the unit and dollar volume of that product.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

46.     For each of The Identified Products, and for each year from the first commercialization of that product through the present, documents sufficient to show Intermec's costs of goods and/or sales, and the nature of each such cost.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

21

47.     For each of The Identified Products, and for each year from the first commercialization of that product through the present, documents sufficient to establish gross revenues, gross profits, gross profit margins, net profits and net profit margins on sales of that product, including without limitation, all documents listing or summarizing the above profit information.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

48.     All documents concerning projected sales (in unit and dollars), costs, profits or margin, pricing, marketing share, sales volumes, or market projections or analyses concerning The Identified Products.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

49.     All documents and things concerning any proposed, contemplated or actual financial projections relating to The Identified Products.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

22

50.    All documents and things concerning any license taken or granted by Intermec, or any negotiations regarding possible licensing, related to technology contained in The Identified Products.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

51.    All documents and things concerning any license taken or granted by Intermec, or any negotiations regarding possible licensing, related to The Technology at Issue.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

52.    All documents and things concerning any consideration of whether to seek a license under any of the Symbol Patents.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec states that it will

produce non-privileged, responsive documents that are relevant to this Request for Production

and are relevant to a claim or defense in this case.  Such production will be accomplished on a

"rolling" basis as the documents are gathered and reviewed by Intermec and its counsel.

23

53.    Documents sufficient to establish gross royalties and net royalties paid or received by Intermec, and any future obligations, under licenses with third parties with respect to technology contained in The Identified Products, including without limitation, all documents listing or summarizing the above royalty information.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

54.    Documents sufficient to establish gross royalties and net royalties paid or received by Intermec, and any future obligations, under licenses with third parties with respect to The Technology at Issue, including without limitation, all documents listing or summarizing the above royalty information.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

55.    All documents and things concerning any of Intermec's contentions, positions, or assertions made or to be made concerning its damage theories in this litigation, including without limitation, contentions, positions, or assertions made or to be made concerning the theories of price erosion, lost profits, reasonable royalty, established royalty and lost sales.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

24

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

56.    All documents and things concerning any contention, position, or assertion made
or to be made by Intermec regarding demand for the technology of the claims asserted by
Symbol in this action.

**RESPONSE**:

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec..

57.    All documents and things concerning any contention, position, or assertion made
or to be made by Intermec regarding acceptable noninfringing substitutes.

**RESPONSE**:

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

58.    All documents and things concerning any contention, position, or assertion made
or to be made by Intermec regarding Symbol's manufacturing capacity.

**RESPONSE**:

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

59.    All documents and things, other than regular sales and marketing documents,
transmitted between Intermec and any other person or entity concerning the Symbol Patents, and
any software, system, apparatus or method related to reading and decoding bar codes disclosed in
the Symbol Patents.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec states that it will

produce non-privileged, responsive documents that are relevant to this Request for Production

and are relevant to a claim or defense in this case.  Such production will be accomplished on a

"rolling" basis as the documents are gathered and reviewed by Intermec and its counsel.

60.    All of Intermec's corporate minutes and/or materials presented to its board of
directors that concern Symbol, any of Symbol's products, any of Symbol's employees, the
Symbol Patents, this lawsuit, or any other lawsuit involving any of the Symbol Patents.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.

61.    All documents and things that compare any of The Identified Products with any of
Symbol's products, including but not limited to published or publicly available product reviews,
independent analyses, studies, and reports.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.


62.    All documents and things concerning any comparison of the design, structure, function, or operation of any product, device, technology, or system against the specification and/or any claim of any of the Symbol Patents.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.


63.    All documents and things concerning any policies, practices or standards that Intermec uses, references, relies on, or refers to for the licensing of patents owned by or exclusively licensed by Intermec and which are related to the Technology at Issue.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request

for production and will not produce any documents until such time as Symbol meets and confers

with Intermec and identifies Intermec products that infringe Symbol's patents that are not the

subject of a license between Symbol and Intermec.


64.    All documents and things concerning marketing, advertising, promotional efforts or any other efforts by Intermec to promote the use or sales (i) of any of The Identified Products and (ii) any Intermec product embodying the Technology at Issue.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

65.     All correspondence with actual or potential customers, other than routine purchase and sales correspondence, concerning (i) any of The Identified Products and/or (ii) any Intermec product embodying the Technology at Issue.

**RESPONSE**:

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

66.     Documents sufficient to identify, by name and location, Intermec's customers for The Identified Products in the United States since the introduction of each such product.

**RESPONSE**:

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

67.     All documents and things concerning any communications between Intermec and any third party relating to Symbol.

**RESPONSE**:

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

68.     All documents and things concerning any communications between Intermec and any third party relating to the Symbol Patents.

**RESPONSE:**

Subject to, and without waiving the foregoing objections, Intermec objects to this request for production and will not produce any documents until such time as Symbol meets and confers with Intermec and identifies Intermec products that infringe Symbol's patents that are not the subject of a license between Symbol and Intermec.

INTERMEC TECHNOLOGIES CORP.

Leland W. Hutchinson, Jr.
Jennifer L. Fitzgerald
Jeffrey M. Hansen
FREEBORN & PETERS LLP
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606

#885672

29

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing **Intermec's Responses to Symbol Technologies, Inc.'s First Set of Requests for Production and Things** were caused to be served on the 20th day of June 2005, upon the following via Fed Ex:

> Jeffrey S. Ward
> Shane A. Bruner
> Michael Hughes
> One South Pinckney Street
> Suite 700
> Madison, Wisconsin 53703

> Eric J. Lobenfeld, Esq.
> Ira J. Schaefer
> Lawrence Brocchini
> Mitchell S. Feller
> HOGAN & HARTSON L.L.P.
> 875 Third Avenue
> New York, New York 10022

Jeffrey M. Hansen