IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYMBOL TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-528-SLR |
| | ) | |
| INTERMEC TECHNOLOGIES CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| SYMBOL TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff-Counterclaim Defendant, | ) | |
| | ) | Civil Action No. 05-147-SLR |
| v. | ) | |
| | ) | |
| INTERMEC TECHNOLOGIES CORP., | ) | |
| | ) | |
| Defendant-Counterclaimant. | ) | |

**PLAINTIFF SYMBOL TECHNOLOGIES, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO CONSOLIDATE PURSUANT TO RULE 42**

OF COUNSEL:
Eric J. Lobenfeld
Ira J. Schaefer
Lawrence Brocchini
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

Kevin F. Brady (#2248)
Arthur G. Connolly, III (#2667)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
(302) 658-9141

*Attorneys for Plaintiff Symbol Technologies, Inc.*

August 15, 2005

# TABLE OF CONTENTS

|     |     |     | Page |
| --- | --- | --- | ---: |
| I.  | Nature And Stage Of The Proceeding | | 2 |
| II. | Summary Of Argument | | 4 |
| III.| Statement Of Facts | | 4 |
|     | A. | The Parties | 5 |
|     | B. | The Delaware Action | 5 |
|     | C. | The Now-Transferred Wisconsin Action | 5 |
| IV. | Argument | | 6 |
|     | A. | The Applicable Standard | 6 |
|     | B. | Common Questions Of Law And Fact Warrant Consolidation | 7 |
|     |    | 1. Both Action Involve The Same Parties | 7 |
|     |    | 2. Products Overlap | 8 |
|     |    | 3. Common Issues | 9 |
|     | C. | The Interests Of Judicial Economy | 9 |
|     | D. | No Prejudice Will Result From Consolidation | 10 |
| V.  | Conclusion | | 12 |

Table of Authorities

Cases

*Consorti v. Armstrong World Indus.*,
    72 F.3d 1003 (2d Cir. 1995)..............................................................................................9

*EEOC v. Die Fliedermaus, L.L.C.*,
    77 F. Supp. 2d 460 (S.D.N.Y. 1999)...................................................................................7

*Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*,
    339 F.2d 673 (3d Cir. 1964)................................................................................................7

*Hanes Companies, Inc. v. Ronson*,
    712 F. Supp. 1223 (M.D. N.C. 1988) .................................................................................7

*Miller v. United States Postal Service*,
    729 F.2d 1033 (5th Cir.1984) .............................................................................................8

*Rohm and Haas Co. v. Mobil Oil Corp.*,
    525 F. Supp. 1298 (D. Del. 1981)..................................................................................7, 11

*Waste Distillation Techs. v. Pan American Resources, Inc.*,
    775 F. Supp. 759 (D. Del. 1991).........................................................................................7

Statutes

28 U.S.C. § 1404(a) ..............................................................................................................2, 6

Rules

Federal Rule of Civil Procedure 42(a) ........................................................................2, 6, 7, 9

Plaintiff Symbol Technologies, Inc. ("Symbol") respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure 42(a), to consolidate Civil Action No. 05-528-SLR with Civil Action No. 05-147-SLR for all pre-trial purposes and trial.

I. **Nature And Stage Of The Proceeding**

Two actions for patent infringement, involving the same parties, the same counsel, potential common issues of law and fact, overlapping discovery and overlapping allegedly infringing products, are pending before this Court. The two actions are brought by Symbol against Intermec Technologies Corporation ("Intermec"), a competitor in the wireless data capture business. Symbol sued Intermec in this Court by filing a complaint on March 10, 2005 (the "Delaware Action") and then filed a complaint against Intermec in the Western District of Wisconsin on April 28, 2005 (the "Wisconsin Action").

Shortly thereafter, in May 2005, Intermec moved to transfer the Wisconsin Action to this Court. Intermec argued that transfer was appropriate because, *inter alia*, the Wisconsin Action and the Delaware Action are "related," and, therefore, should be transferred to be consolidated in this Court. Significantly, Intermec represented that it would seek to consolidate the cases if transfer were granted:

> Intermec certainly does intend to seek consolidation of this case with the Symbol Delaware Action once transfer is ordered.

(Defendant Intermec Technologies Corporation's Reply Memorandum in Support of its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Intermec Reply Br."), n. 3, attached hereto as Exhibit A).

Symbol opposed transfer and sought to retain its chosen forum in Wisconsin because, among other reasons, that court (consistent with its reputation for a swift docket) had set the

2

matter down for trial in May 2006. Symbol also argued in opposition to transfer that Delaware would not be more convenient to either party. Finally, while Symbol acknowledged some overlap in products, it argued that the differences between the two cases – including the patents, applications, inventors, core technology at issue and prior art – did not warrant depriving Symbol of an early trial date in its forum of choice.[1]

By Order dated July 14, 2005, the Court granted Intermec's transfer motion. (D.I. 33)[2]

With both actions now before this Court, Symbol discussed with Intermec consolidating the actions, as Intermec had initially proposed in its transfer papers. Intermec responded that it was no longer interested in complete consolidation. Having won its motion to transfer depriving Symbol of its chosen forum, Intermec backed away from its representations to the Wisconsin Court, and suggested instead that, if the actions are "consolidated" at all, they should proceed on different schedules. Intermec's new position, of course, obviates the very benefits of consolidation ("judicial economy," "avoid[ing] conflicting results," decreasing costs) that it touted to win transfer. (Defendant Intermec Technologies Corporation's Memorandum in Support of its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Intermec Transfer Br.") (D.I. 29), pp. 6, 10-11, attached as Exhibit B hereto)

Symbol now seeks the Court's intervention to consolidate these two actions for pre-trial purposes and trial for purposes of judicial economy and efficiency. For these reasons and those that follow, Symbol respectfully submits that this Court should exercise its discretion and consolidate the two actions for all purposes.

---

[1]    While those differences persist and should have militated strongly against transfer of the action, now that the case has been transferred, the efficiencies in consolidating the actions outweigh any possible prejudice to either party.

[2]    All citations to the docket refer to documents filed in *Symbol v. Intermec*, Case No. 05-528-SLR.

3

## II. Summary Of Argument

1) Consolidation for pre-trial purposes and trial is warranted because both actions require that the Court address common questions of law and fact; consolidation will avoid inconsistent decisions. Both actions involve some of the same allegedly infringing Intermec products; consolidation will prevent duplicative discovery and repetitive tutorials by the parties' experts regarding those products.

2) Intermec does not oppose consolidation, but argues that the actions should proceed on different schedules. The two actions are, however, particularly amenable to the same time-table. Both actions were filed within a few weeks of each other and are currently in the initial stages of discovery. Symbol seeks to add just two additional patents, both of which cover bar code decoding; thus, the discovery schedule will not be affected by consolidation.

3) Local Rule 16.2(c) provides for a trial date "within 12 months, if practicable, and no later than 18 months, after the filing of the complaint," except in circumstances not applicable here. D. Del. LR. 16.2(c). The transferred action was docketed in this Court on July 22, 2005. Thus, the existing April 2007 trial date is well within (indeed, exceeds), the time provisions of Local Rule 16.2(c).

4) Consolidation will serve the interests of judicial economy and the efficient administration of justice. For all of these reasons, consolidation for pre-trial purposes and trial is appropriate.

## III. Statement of Facts

### A. <u>The Parties</u>

Symbol is a Delaware corporation with its headquarters in Holtsville, New York. Symbol is a recognized global leader in secure mobile information systems that integrate application-specific hand held computers with wireless networks for data, voice and bar code

4

data capture. Symbol's product lines include, *inter alia*, bar code scanning, advanced data capture products, radio frequency identification technology, hand-held and fixed mount mobile computers, and wireless and local and wide-area networks.

Intermec is a Washington corporation with its headquarters in Everett, Washington. Intermec designs, manufacturers and sells portable data collection equipment, including bar code scanning and reading devices.

### B.     The Delaware Action

On March 10, 2005, Symbol filed a complaint alleging infringement by Intermec of four Symbol patents relating to the wireless communications standard 802.11, also known as Wi-Fi. The lawsuit also covers Intermec's use of Symbol Wi-Fi patents in Intermec's bar code scanning terminals. The patents at issue are U.S. Patent Nos. 5,029,183 ("'183), 5,479,441 ("'441"), 5,157,687 and 6,473,449.[3]

On March 23, 2005, Intermec asserted counterclaims against Symbol for alleged infringement of six Intermec patents relating to wireless scanners, signature capture technology and bar code readers with multi-tasking operating systems.

Discovery recently commenced. No depositions have been taken. Discovery is scheduled to close more than a year from now, on September 15, 2006. Trial is set to commence on April 23, 2007. Symbol seeks to consolidate the transferred action with this case under the same pre-trial and trial schedule.

### C.     The Now-Transferred Wisconsin Action

On April 28, 2005, Symbol served its complaint in the Wisconsin Action alleging that certain bar code reading devices and systems made, used and/or sold by Intermec infringe

---

[3]     Two of the patents, the '183 and '441, were previously successfully asserted by Symbol against Proxim, Inc. in this Court.

5

Symbol's U.S. Patent Nos. 5,243,655 ("'655 Patent") and 5,457,308 ("'308 Patent). The '655 Patent is directed toward reading and decoding a bar code symbology known as PDF417. The '308 Patent is directed toward the reading and decoding of a bar code symbology known as Reduced Space Symbology or RSS.

On or about May 18, 2005, Intermec moved under 28 U.S.C. § 1404(a) to transfer the Wisconsin Action to the District of Delaware, or in the alternative, to the "District of Washington". (Defendant Intermec Technologies Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. 1404(a) ("Intermec's Motion to Transfer") (D.I. 29), attached as Exhibit C hereto) Intermec argued that transfer to Delaware was appropriate because (1) the Intermec products at issue were also accused of infringement in the Delaware Action, (2) no connection existed to Wisconsin and (3) the "action should be transferred to the District of Delaware for potential consolidation with the Symbol Delaware Action." (*Id.*, pp. 1-2).

On July 14, 2005, the Court granted Intermec's Motion to Transfer. (Order and Opinion, dated July 14, 2005 (the "Order") (D.I. 33), p. 2, attached as Exhibit D hereto). The Court noted that, "[a]lthough the Delaware court will be free to consolidate the cases or not, a transfer of the case to that court will would (sic) allow consolidation if the court should deem appropriate." (Order, p. 8)

## IV.    Argument

### A.    The Applicable Standard

Rule 42(a) provides:

> a. Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

6

Fed. R. Civ. P. 42(a). The trial court has discretion under Fed. R. Civ. P. 42(a) to consolidate actions. *Rohm and Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309 (D. Del. 1981).

Consolidation is a valuable and important tool in judicial administration as it eliminates repetition and avoids unnecessary costs or delay. *Waste Distillation Techs. v. Pan American Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991); *Rohm and Haas*, 525 F. Supp. at 1309. Courts therefore "balance the savings of time and effort gained from consolidation against the inconvenience, delay, or expense that might result from simultaneous disposition of the separate actions." *Id.* "[S]o long as any [potential for] confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *EEOC v. Die Fliedermaus, L.L.C.*, 77 F. Supp. 2d 460, 466 (S.D.N.Y. 1999).

### B. Common Questions Of Law And Fact Warrant Consolidation

Rule 42(a) provides that consolidation is appropriate "[w]hen actions involving a common question of law or fact are pending before the court." Fed. R. Civ. P. 42(a); *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964) (consolidation appropriate where common questions of fact or law exist). Here, Intermec is already on record as stating that "common questions of law and fact abound." (Intermec Transfer Br., p. 9)

#### 1. Both Action Involve The Same Parties

The most apparent similarity between the two actions is that the parties are the same in both actions - Symbol is the plaintiff and Intermec is the defendant in both cases. As Intermec previously contended, "[a]ctions 'involving the same parties are apt candidates for consolidation.'" (Intermec Transfer Br., p. 6, *quoting Hanes Companies, Inc. v. Ronson*, 712 F. Supp. 1223, 1230 (M.D. N.C. 1988)); *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (5th Cir.1984) (consolidating two cases involving the same parties and issues which were pending in the same court).

7

### 2. Products Overlap

The parties agree that both actions involve some overlapping products, namely wireless bar code readers that read one of the two symbologies relevant to the patents in the Wisconsin Action and that comply with a certain protocol (IEEE 802.11) covered by the patents in the Delaware Action. In support of its Motion to Transfer, Intermec repeatedly stated that the actions are "related" because they involve "the same products":

- "The Intermec products accused of patent infringement in [the Wisconsin Action] – bar code readers – are also accused by Symbol of infringing other patents in [the Delaware Action]." (Motion to Transfer, ¶ 2)

- "Symbol has sued Intermec, claiming that the <u>same products</u> (bar code readers) accused of infringement in [the Wisconsin Action] also infringe four other patents asserted [in the Delaware Action... Thus, transfer is warranted." (Intermec Transfer Br., p. 1) (emphasis added)

- "Symbol's choice to attack the <u>same product group</u> in two infringement actions raises many common issues of fact such as how Intermec's accused products function and whether sales of those products precluded any sales of Symbol products causing lost profits. These common questions warrant transfer and consolidation." (Intermec Transfer Br., pp. 1-2) (emphasis added)

- "Intermec runs the risk of inconsistent results if it must defend largely the <u>same set of accused products</u> in two separate infringement actions. That risk warrants transfer and consolidation." (Intermec Transfer Br., n. 1) (emphasis added)

- "without doubt, the Intermec products accused in [the Wisconsin Action] are also accused in the Symbol Delaware Action" (Intermec Reply Br., p. 2)

- "Clearly, the products accused of infringement in [the Wisconsin Action] are also accused in the Symbol Delaware Action." (Intermec Reply Br., p. 4)

*See also* Intermec Transfer Br., pp. 5, 6 (products at issue in the Wisconsin and Delaware Actions are "the same"); Intermec Reply Br., p. 2 ("because the same products are accused in both actions, common issues do exist which warrant transfer and eventual consolidation"); *id.*, pp. 4, 11 (arguing that "the same products" are at issue in both cases).

8

Although Symbol pointed to the differences between the Delaware and Wisconsin Actions in opposing transfer, Symbol also acknowledged that there is overlap in the products at issue in the two cases. Because of this overlap, the actions will, of course, benefit from consolidation, particularly in discovery.

### 3. Common Issues

Both parties acknowledge that because some of the same products are at issue, common issues will arise. (Intermec Transfer Br., p. 8, "Such common questions arise whenever the same products are accused of infringing multiple patents.") It serves judicial economy for one court to decide such issues. Moreover, by a single decision-maker deciding such common issues, it avoids the possibility of inconsistent decisions. (Intermec Transfer Br., p. 8)

Intermec also argued in its transfer papers that damage questions are common to both actions and that consolidation would avoid "inconsistent damage decisions." (Intermec Transfer Br., p. 8) Although Symbol disagrees with Intermec's position, if Intermec intends to argue this point, now that the Wisconsin Action is in this District, it should do so only once, in a consolidated action.

### C. The Interests of Judicial Economy

Consolidation is warranted when "savings of expense and gains of efficiency can be accomplished without sacrifice of justice." *Consorti v. Armstrong World Indus.*, 72 F.3d 1003, 1007 (2d Cir. 1995), *vacated by sub nom. Consorti v. Owens-Corning Fiberglas Corp.*, 518 U.S. 1031 (U.S.N.Y. 1996), *remanded sub nom.* 103 F.3d (2d Cir. 1995), *remanded to In re Joint Eastern and Southern Dist. Asbestos Litig,* 9 F. Supp. 2d 307 (S.D.N.Y. 1998); *see also* Rule 42(a) (the court "may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs and delay"). Intermec previously acknowledged that consolidation will serve judicial economy stating, "judicial economy warrants

9

transfer of this action for consolidation with the related and earlier filed Symbol Delaware Action." (Intermec Transfer Br., p. 3) In light of that fact, the potential for savings in two cases involving the same parties and some product overlap clearly supports consolidation, notwithstanding the differences between the two cases.

Because discovery in both actions has just begun, potential savings from conducting discovery on a single track can be fully realized. Moreover, if Intermec believes that the technology in both actions is the same, it likely will seek the same documents and testimony in both actions. Consequently, Symbol will need to produce the same documents and witnesses in both actions – if only to prove that the technologies differ. Particularly with respect to discovery on damages, markets, sales and related, the discovery is likely to overlap significantly.

### D. No Prejudice Will Result From Consolidation

There can be no dispute that neither party will be prejudiced if consolidation is granted. Intermec previously represented to the Wisconsin Court that it would seek consolidation if transfer were granted. (*See e.g.* Intermec Motion to Transfer, ¶ 8, "this action should be transferred to the District of Delaware for potential consolidation with the Symbol Delaware Action"; Intermec Transfer Br., p. 11, "transfer and consolidation are warranted"; Intermec Reply Br., n. 3, "Intermec certainly does intend to seek consolidation of this case with the Symbol Delaware Action [C.A. No. 05-147 SLR] once transfer is ordered.") Surely, it would not have done so if it believed that it would be prejudiced as a result. Symbol agrees – and has not contended otherwise – that no one will be prejudiced by consolidation for pre-trial purposes and trial.

Only two patents are at issue in the Wisconsin Action. Consolidation of those two patents into the Delaware Action will not cause confusion or result in prejudice. Nor will discovery be delayed. Both actions are at similar stages of preparation. No depositions have

10

been taken in either action; exchange of documents has only recently begun. In fact, rather than resulting in any delay in discovery, consolidation will serve to expedite discovery and reduce costs for both parties. As discussed *supra*, documents and depositions may overlap. Costs will decrease as counsel, who are the same in both actions, need not review documents twice or repeat depositions. (*See* Intermec Transfer Br., p. 11, noting that "multiplying pending actions" increases "defense costs").

The trial date for the Delaware Action, scheduled for April 23, 2007, will not be affected by consolidation. There is ample time between now and then to prepare a consolidated action for trial.

Weighing "the savings of time and effort gained from consolidation against the inconvenience, delay, or expense that might result from simultaneous disposition of the separate actions," it is clear that consolidation is appropriate here. *See Rohm and Haas Co.*, 525 F. Supp. at 1309.

## V.  Conclusion

For all of the above reasons, Symbol respectfully requests that this Court grant its motion to consolidate.

August 15, 2005                                    CONNOLLY BOVE LODGE & HUTZ LLP

                                                                        /s/ Arthur G. Connolly, III
                                                       Kevin F. Brady (#2248)
                                                       Arthur G. Connolly, III (#2667)
                                                       The Nemours Building
                                                       1007 North Orange Street
                                                       Wilmington, DE  19801
                                                       (302) 658-9141

                                                       *Attorneys for Plaintiff*
                                                       *Symbol Technologies, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
Lawrence Brocchini
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

12