# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYMBOL TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 05-147 (SLR) |
| INTERMEC TECHNOLOGIES CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ───────────────────────────── | ) | |
| | ) | |
| SYMBOL TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 05-528 (SLR) |
| INTERMEC TECHNOLOGIES CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SCHEDULING ORDER**

This ____ day of September, 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

    (a) Discovery will be needed on the following subjects:

        (1) infringement of the patents-in-suit;

    (2) validity of the patents-in-suit;

    (3) willful infringement;

    (4) any other claims and/or defenses; and

    (5) damages.

  (b) All fact discovery shall be commenced in time to be completed by Friday, December 8, 2006.

    (1) Document production shall be completed on or before Wednesday, March 22, 2006.

    (2) Maximum of 75 interrogatories by each party to any other party, with the interrogatories previously served by each party in these actions, including while C.A. No. 05-528 was pending in the Western District of Wisconsin, counting against this maximum amount.

    (3) Maximum of 150 requests for admission by each party to any other party.

    (4) In the absence of agreement among the parties or by order of the Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

    (5) Maximum of 300 hours of fact depositions by plaintiff and by defendant. Each fact deposition limited to a maximum of seven hours per day unless extended by agreement of the parties.

  (c) Expert discovery shall be commenced in time to be completed by Friday, March 16, 2007.

2

(1) Expert reports on issues for which the parties have the burden of proof due Friday, January 19, 2007. Rebuttal expert reports due Friday, February 16, 2007.

(2) Each expert deposition to be limited to a maximum of 14 hours unless extended by agreement of the parties.

(3) All *Daubert* motions shall be filed on or before Friday, March 23, 2007.

(d) Supplementations under Rule 26(e) due as required by that rule.

(e) **Discovery Disputes**.

(1) The Court shall conduct in-person discovery status conferences on _____, February _____, 2006 at 4:30 p.m., and on _____, March _____, 2006 at 4:30 p.m., the time to be allocated equally among the parties.

(2) The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(f) **Fact Witnesses to be Called at Trial**. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact

3

witnesses who have not previously been deposed in this case.  Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

      3.    **Joinder of Other Parties and Amendment of Pleadings**.  Intermec may amend its answer and counterclaim in Civil Action No. 05-528 (SLR) to add additional patents without further leave of Court until December 9, 2005.  All other motions to join other parties or amend the pleadings shall be filed on or before Wednesday, August 2, 2006.

      4.    **Settlement Conference**.  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purpose of exploring ADR.

      5.    **Claim Construction Issue Identification**.  If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on Monday, December 18, 2006, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms.  This document will not be filed with the Court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

      6.    **Summary Judgment Motions**.  All summary judgment motions shall be served and filed with an opening brief on or before Friday, April 20, 2007.  Answering briefs shall be served and filed by Friday, May 18, 2007 and reply briefs shall be served and filed by Friday, June 1, 2007.  No summary judgment motion may be filed more than ten (10) days from the above date without leave of the Court.

      7.    **Claim Construction**.  The parties shall agree upon and file the Joint Claim Construction Statement on Friday, June 8, 2007, with the claim chart separately docketed.

The parties will file simultaneous opening claim construction briefs on Friday, April 20, 2007. Simultaneous response briefs should be filed by Friday, May 18, 2007. Issues of claim construction shall be considered by the Court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on _____, June \_\_\_, 2007 at _____.

8. **Applications by Motion**. Any application to the Court shall be by written motion filed with the clerk. The Court will not consider applications and requests submitted **by letter or in a form other than a motion**, absent express approval by the Court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers at slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine**. No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Status Conference**. A status conference will be held on _____, 2007 to discuss how trial will proceed.

11. **Pretrial Conference**. A pretrial conference will be held on August \_\_\_\_\_, 2007 at _____ \_\_.m. in courtroom 6B, sixth floor Federal Building, 844 King Street,

Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

    12. **Trial**. This matter is scheduled for a four-week jury trial commencing on Monday, September \_\_\_\_, 2007 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

                _____
                  United States District Judge